76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel Alan SCHNUR, Plaintiff-Appellant,
v.
GM HUGHES ELECTRONICS; Hughes Aircraft Co., Defendants-Appellees.
 No. 94-55851.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided Jan. 31, 1996.
 
 Before: BRIGHT*, SKOPIL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel Schnur filed this action against Hughes Aircraft Co. (HAC) and GM Hughes Electronics (GM) after HAC terminated his employment. Schnur alleged age discrimination, wrongful termination in violation of a public policy, breach of contract, breach of covenant, defamation, and intentional infliction of emotional distress (IIED). The district court dismissed three of these claims and thereafter granted summary judgment on the remaining claims.
 
 
 3
 On appeal, Schnur contends that the district court erred by (1) dismissing his wrongful termination, breach of contract and breach of covenant claims; (2) refusing to remand the remaining claims to state court; (3) granting summary judgment on his age discrimination, defamation and IIED claims; and (4) refusing to allow him additional time to conduct discovery and/or to continue the summary judgment hearing. We reverse and remand the district court's grant of summary judgment on Schnur's age discrimination claim. We affirm the district court in all other respects.
 
 
 4
 1. Dismissal of Schnur's wrongful termination, breach of contract and breach of covenant claims.
 
 
 5
 The district court properly dismissed Schnur's claim for wrongful termination. Under California law, Schnur may maintain a common law action for wrongful termination in violation of a fundamental public policy only if the alleged "fundamental public policy" is expressed in a statute or a constitutional provision. Jennings v. Marralle, 8 Cal.4th 121, 32 Cal.Rptr.2d 275, 280 (Cal.1994). The Fair Employment and Housing Act (FEHA) is the only California law which proscribes age discrimination. Jennings, 32 Cal.Rptr.2d at 282. The California Supreme Court has held that "FEHA alone is not sufficient to establish a 'fundamental' public policy for the violation of which an employer may be held liable in a common law tort action." Id. at 284.
 
 
 6
 The district court also properly dismissed Schnur's breach of contract and breach of covenant claims. First, both claims are preempted in part by ERISA to the extent that they include allegations that HAC terminated Schnur for the purpose of interfering with his employment benefits. See Concha v. London, 62 F.3d 1493, 1505 (9th Cir.1995). Second, the remaining portions of these claims are grounded in and are therefore subsumed by his FEHA claim. See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1556 (9th Cir.1989) (dismissing contract and breach of covenant claims as duplicative of pending infringement claim), cert. denied, 494 U.S. 1017 (1990).
 
 
 7
 Finally, we will not consider whether Schnur may proceed under ERISA to the extent that his claims are preempted. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Schnur did not attempt to proceed under ERISA in the district court. Rather, he sought to have the case remanded to state court after the breach of contract and breach of covenant claims were dismissed as preempted.
 
 2. Motion to Remand
 
 8
 The district court did not abuse its discretion by refusing to remand this case to state court. This court "has frequently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources." Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993). Here, federal jurisdiction was based on allegations in Schnur's breach of contract and breach of covenant claims which were preempted by ERISA. The district court dismissed these claims on August 30, 1993. Schnur waited until March 15, 1994, the day before the motions cutoff date, to file his motion to remand. In the interim, the parties engaged in extensive discovery and HAC and GM prepared a motion for summary judgment which was filed March 16, 1994. The interests of economy, convenience and fairness weighed heavily in favor of maintaining jurisdiction. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir.1995).
 
 3. Summary Judgment
 
 9
 a. Age Discrimination--FEHA
 
 
 10
 The district court properly granted summary judgment in favor of GM on Schnur's FEHA claim because Schnur failed to name GM in his administrative complaint. This court has previously stated that the failure to name a party in the administrative complaint is a jurisdictional bar to maintaining a FEHA claim against that party. See Stache v. International Union of Bricklayers, 852 F.2d 1231, 1234 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989); see also Valdez v. City of Los Angeles, 231 Cal.App.3d 1043, 282 Cal.Rptr. 726, 737 (1991).
 
 
 11
 We conclude, however, that the district court erred in granting summary judgment in favor of HAC. Schnur established a prima facie case of age discrimination by HAC. See Nesbit v. Pepsico, Inc., 994 F.2d 703, 704-05 (9th Cir.1993). First, Schnur is over 40 years old and therefore is a member of the class protected by FEHA. See Cal.Gov't Code § 12941. Second, Schnur consistently received favorable job evaluations and merit bonuses. Third, although the parties disagree whether Schnur was actually "laid off" or "terminated," it is clear that he was "discharged." Finally, circumstantial and statistical evidence raise an inference of discrimination, including: (1) HAC's recision of the downgrade policy; (2) the fact that the reduction in force changed the average age of HAC's senior management from 55-59 to 45-49 years old; and (3) statements from HAC management that "40+ [employees] are getting hit hard" by the reduction in force and that the new management team would have "capable, fast-track, younger leaders."
 
 
 12
 Once Schnur established a prima facie case of discrimination, the burden shifted to HAC to rebut the resulting presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its employment decision. Ewing v. Gill Industries, Inc., 3 Cal.App.4th 601, 4 Cal.Rptr.2d 640, 647 (1992). HAC contends that Schnur's alleged sexual harassment constitutes a legitimate, nondiscriminatory reason for its decision to terminate him. Yet, HAC failed to articulate a legitimate reason for its decision to layoff Schnur. Indeed, the allegations of sexual harassment arose after HAC decided to lay him off. See Cooper v. Rykoff-Sexton, Inc., 24 Cal.App.4th 614, 29 Cal.Rptr.2d 642, 645 ("Where an employer has fired a worker in violation of a statutory ban on discrimination in the workplace, the purpose and effect of the anti-discrimination statutes are unacceptably undermined by a principle that would allow a fact that played no part in the firing decision to bar any recovery."), review denied (Aug. 11, 1994). Because HAC failed to rebut the presumption of discrimination, we conclude that the district court erred in granting summary judgment in favor of HAC.
 
 
 13
 b. Defamation
 
 
 14
 The district court properly granted summary judgment on Schnur's defamation claim. The allegedly defamatory statements are privileged under California law. See Cal.Civ.Code § 47(c) (privileged communication is one made "without malice, to a person interested therein"). The statements were made between interested parties. See Cuenca v. Safeway San Francisco Employees, 180 Cal.App.3d 985, 225 Cal.Rptr. 852, 857 (1986). In addition, Schnur failed to present a material issue of fact as to malice. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 15
 c. Intentional Infliction of Emotional Distress
 
 
 16
 The district court also properly granted summary judgment on Schnur's IIED claim. This claim is barred under California law. In Hunter v. Up-Right, Inc., 6 Cal.4th 1174, 26 Cal.Rptr.2d 8 (Cal.1993), the California Supreme Court concluded that "[t]ort recovery is available ... [only] when the [employee's tort] damages cannot be said to result from the termination itself." Hunter, 26 Cal.Rptr.2d at 9. In this case, Schnur's IIED claim cannot be separated from his termination. It is clear from the complaint that Schnur is alleging emotional distress resulting from the circumstances surrounding his termination.
 
 4. Discovery
 
 17
 Finally, we need not address whether the district court erred in refusing to allow Schnur additional time to obtain statistical information from HAC concerning employees who were laid off. This information relates directly to Schnur's age discrimination claim, and we have already concluded that the district court erred in granting summary judgment on that claim.
 
 
 18
 AFFIRMED in part, REVERSED in part and REMANDED. Each side is to bear its own costs on appeal.
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3