[No. S034510. Aug. 1, 1994.]

JANET JENNINGS, Plaintiff and Appellant, v.
JAMES J. MARRALLE et al., Defendants and Respondents.

**COUNSEL**

Marvin D. Mayer and William Quackenbush for Plaintiff and Appellant.

Joseph Posner as Amicus Curiae on behalf of Plaintiff and Appellant.

Rutan & Tucker, James L. Morris, Carol L. Demmler and Bruce W. Hamby for Defendants and Respondents.

Bernard L. Allamano, Fred J. Hiestand, Proskauer, Rose, Goetz & Mendelsohn, Jeffrey A. Berman, Steven G. Drapkin and Monica J. Lizka-Miller as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

BAXTER, J.—The Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.)[1] declares, as a public policy of this state, a necessity to protect and safeguard the right and opportunity to seek, obtain, and hold employment without discrimination on various grounds, among which is age. (§ 12920.)[2] In furtherance of that policy the FEHA declares that the right to employment without discrimination is a civil right (§ 12921)[3] and creates administrative remedies that are intended to eliminate discriminatory practices in hiring and employment. (§ 12960 et seq.) We are asked to decide whether an employee to whom those remedies are not available because her employer does not regularly employ five or more persons may, nonetheless, maintain a common law tort action for damages for wrongful discharge in violation of the public policy stated in section 12920.

We conclude that permitting such an action would be inconsistent with the legislative intent reflected in various provisions of the FEHA and, in particular, subdivision (d) of section 12926 which, by defining employer as a

[1] All future statutory references are to the Government Code unless otherwise indicated.

[2] Section 12920 provides: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or age.

"It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for such reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general.

"Further, the practice of discrimination because of race, color, religion, sex, marital status, national origin, ancestry, familial status, or disability in housing accommodations is declared to be against public policy. It is the purpose of this part to provide effective remedies which will eliminate such discriminatory practices.

"This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state."

[3] Section 12921 provides: "The opportunity to seek, obtain and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or age is hereby recognized as and declared to be a civil right."

person "regularly employing five or more persons," restricts employer liability for violations of the FEHA age provision to employers subject to the FEHA. This exemption of small employers from the FEHA ban on age discrimination was enacted simultaneously to, and is inseparable from, the legislative statement of policy. For that reason, and because no other statute or constitutional provision bars age discrimination, we conclude that there presently exists no "fundamental policy" which precludes age discrimination by a small employer. Thus, there is no independent basis for an action for tortious discharge in violation of policy.

We shall therefore reverse the judgment of the Court of Appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jennings initiated this action in the Orange County Superior Court on June 15, 1990, naming defendant Marralle, her former employer, and his professional corporation as defendants (hereafter defendant). The complaint stated three causes of action: wrongful termination, age discrimination in violation of section 12941, and failure to pay back wages and pension benefits.

With regard to the first and subsequent counts, Jennings alleged that she had been employed by defendant from May 5, 1986, to April 12, 1990; that defendant expressly and impliedly represented to her that she would be employed indefinitely as long as she carried out her duties competently; and that notwithstanding her competent performance her employment was terminated on April 12, 1990. Plaintiff also alleged that the termination was due solely to her age, and that defendant acted to prevent her from receiving employment benefits to which she was entitled.

With regard to the second count, Jennings alleged that she was an employee covered by section 12941; that defendant was an employer within the meaning of former subdivision (c) (now subdivision (d)) of section 12926; that she had filed a complaint with the Department of Fair Employment and Housing (the department); and that on April 28, 1990, the department issued a "Right to Sue" letter to her.

The third count alleged that as a result of defendant's actions Jennings had not received benefits to which she was entitled as a vested beneficiary of defendant's pension plan and sought back wages.

Defendant removed the action to the United States District Court for the Central District of California pursuant to 28 United States Code section

1441. That court granted summary judgment for defendant on the second count, finding that defendant was not an employer within the meaning of the FEHA because he did not employ five or more persons. The third cause of action was dismissed without prejudice "to the extent [it] concerns pension benefits [and] arises under ERISA, 29 U.S.C. § 1001 *et seq.*" The state law claim for breach of an implied contract and the portion of the third count involving overdue wages was remanded to the state court.

Jennings then sought leave to amend the complaint to state a common law cause of action for wrongful termination in violation of public policy as recognized in *Rojo* v. *Kliger* (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373]. The proposed complaint alleged that the termination of plaintiff's employment violated public policy prohibiting discrimination in employment on the basis of age. The superior court denied the motion for leave to amend.

The remaining issues were then submitted to binding arbitration. The arbitrator's award was entered on June 4, 1992. Plaintiff then appealed from "the judgment entered on June 4, 1992, as to that portion of the judgment denying plaintiff leave to amend her complaint . . . ." The Court of Appeal reversed the judgment with directions that the proposed amended complaint be accepted for filing.

## II

### APPELLATE JURISDICTION

Because the parties submitted the remaining issues to binding judicial arbitration following denial of Jennings's motion for leave to amend, made after the federal court had granted summary judgment for defendant on the count seeking damages for violation of the FEHA ban on age-related employment discrimination, the only judgment entered by the superior court was a judgment on the arbitrator's award. That award did not encompass any matters related to the FEHA count or the denial of plaintiff's motion to amend that count.

■■■ Preliminarily, therefore, we must determine whether plaintiff has appealed from an appealable order or judgment. ■■■ The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720];

*Committee for Responsible Planning* v. *City of Indian Wells* (1990) 225 Cal.App.3d 191, 195 [275 Cal.Rptr. 57].) ▉ Here, a doubt exists by virtue of Code of Civil Procedure section 1141.23, which provides that an award resulting from judicial arbitration "shall have the same force and effect as a judgment in any civil action or proceeding, *except that it is not subject to appeal* and it may not be attacked or set aside except as provided by Section 473, 1286.2, or Judicial Council rule." (Italics added.) To determine the effect of this provision on the appeal here, we asked the parties to file briefs addressing the question of whether an appealable order or judgment had been entered.

Both parties contend that the appeal is proper and identify the order denying plaintiff leave to amend as the basis for this appeal. Plaintiff states that the appeal "is from that portion of the judgment entered by the Superior Court on June 8 [*sic*], 1991 which denied Appellant's motion to amend her complaint . . . ." In support of her belief that an appealable judgment was entered by the trial court, she has submitted the following documents of which we take judicial notice:

1. A June 8, 1992, "Judgment after Binding Arbitration" in which the superior court awarded plaintiff damages of $1,693.18, plus costs of suit.

2. A "Notice of Review Hearing" filed July 22, 1991. That notice recites: "the conference had been set to review the status of the stipulation between the parties to refer the First and Third causes of action of the complaint to binding judicial arbitration. Such stipulation does not affect the right of any party to appeal any prior court orders or judgments."

3. A copy of a letter dated September 21, 1992, in which defendant's counsel confirmed that the "execution by plaintiff of a Notice of Satisfaction of Judgment does not waive your client's ability to maintain an appeal on the subject of her desire to assert a common law cause of action for age discrimination."

The latter two documents reveal that in stipulating to judicial arbitration of the remaining causes of action, the parties understood that plaintiff's right to appeal would be preserved as to issues and causes of action not submitted to arbitration. ▉ ▉ Although jurisdiction may not be conferred by consent of the parties (*Estate of Hanley* (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; *Caruso* v. *Snap-Tite, Inc.* (1969) 275 Cal.App.2d 211 [79 Cal.Rptr. 642]), the parties' understanding is relevant to a determination of the scope of arbitration and the effect of the subsequent award.

A superior court judgment, unless it is interlocutory, is normally apealable. (Code Civ. Proc., § 904.1.)[4] On appeal from a superior court judgment, "the reviewing court may review . . . any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." (*Id.*, § 906.) ■ Thus, an order sustaining a demurrer, granting summary adjudication of certain claims, or denying leave to amend the complaint is generally reviewable on appeal from the final judgment in the action. ■ Absent an express waiver of the right to appeal, appellate review of these judicial determinations should not be foreclosed merely because the parties thereafter stipulate to submit the remaining claims to arbitration, if those claims are independent of those submitted to arbitration.

The statutory scheme for judicial arbitration provides that a party who is dissatisfied with an arbitration award may elect a trial de novo by court or jury. (Code Civ. Proc., § 1141.20.) It is the availability of this remedy that justifies and explains the prohibition of appeal from judicial arbitration awards. This remedy does not affect pre-arbitration judicial rulings foreclosing claims that were not submitted to arbitration, however. Those rulings are reviewable only by appeal from the judgment. If the submission of some, but

---

[4]Code of Civil Procedure section 904.1: "(a)   An appeal may be taken from a superior court in the following cases:

"(1)   From a judgment, except (A) an interlocutory judgment . . . .

"(2)   From an order made after a judgment made appealable by paragraph (1).

"(3)   From an order granting a motion to quash service of summons or granting a motion to stay or dismiss the action on the ground of inconvenient forum.

"(4)   From an order granting a new trial or denying a motion for judgment notwithstanding the verdict.

"(5)   From an order discharging or refusing to discharge an attachment or granting a right to attach order.

"(6)   From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction.

"(7)   From an order appointing a receiver.

"(8)   From an interlocutory judgment, order, or decree, hereafter made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting.

"(9)   From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made.

"(10)   From an order made appealable by the provisions of the Probate Code or the Family Code.

"(11)   From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000).

"(12)   From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000).

"(b)   Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

less than all, of the claims in a civil action foreclosed appellate review of pre-arbitration rulings on the remaining claims, there would be a substantial disincentive to judicial arbitration. This could be inconsistent with the legislative intent that arbitration be encouraged. (Code Civ. Proc., § 1141.10.)

To avoid this disincentive, and thus to encourage parties to stipulate to judicial arbitration, we conclude that a judgment on an arbitration award is appealable as to pre-arbitration judicial rulings on claims not submitted to arbitration which are independent of the arbitrated claim.[5]

This conclusion is consistent with the language of Code of Civil Procedure section 1141.23. Under that provision, it is the arbitration award itself that is "not subject to appeal." The judgment incorporating the award is appealable (Code Civ. Proc., § 904.1, subd. (a)(1)), and brings before the appellate court for review all intermediate judicial rulings on independent claims that were not submitted to arbitration. Accordingly, we conclude that the judgment is appealable and brings up for appellate review the court's order denying leave to amend the complaint to assert a claim for wrongful discharge in violation of fundamental public policy.

### III

### AGE DISCRIMINATION IN EMPLOYMENT

An action in tort seeking damages for discharge from employment in contravention of public policy is an exception to the general rule, now codified in Labor Code section 2922,[6] that unless otherwise agreed by the parties, an employment is terminable at will. That exception was recognized in *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314] (*Tameny*), where the court noted that a growing number of states permitted a tort action for termination which contravenes public policy. The specific holding, however, was only that "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act . . . . An employer engaging in such conduct violates a basic duty imposed by law upon all employers, and thus an employee who has suffered damages as a result of such discharge may maintain a tort action for wrongful discharge against the employer." (*Id.*, at p. 178.)

Because the *Tameny* decision and its progeny (see *Rojo* v. *Kliger*, *supra*, 52 Cal.3d 65; *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654 [254

---

[5]To the extent that it may be inconsistent with this conclusion, we disapprove *Supple* v. *City of Los Angeles* (1988) 201 Cal.App.3d 1004 [247 Cal.Rptr. 554].

[6]Labor Code section 2922: "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month."

Cal.Rptr. 211, 765 P.2d 373]) did not make clear the scope of the exception to the terminable-at-will employment relationship, we addressed that question in *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083 [4 Cal.Rptr.2d 874, 824 P.2d 680]. There the court concluded that only termination in violation of a fundamental public policy expressed in a statute or a constitutional provision will support a wrongful discharge action. (*Id.*, at p. 1095.) After reviewing the sources of public policy recognized by other states in which a wrongful termination action is permitted, we held: (1) The public policy exception to the right to terminate an employee at will must be found in either a constitutional or statutory provision; (2) "[W]hile an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." (*Id.*, at p. 1094.) *Gantt* did not involve alleged discriminatory hiring and retention practices or public policy declared in the FEHA, however. Whether discrimination in employment on the basis of age violates a "fundamental" public policy has not been resolved by this court. We need not decide that question here since the "public policy" on which plaintiff relies is not applicable to defendant. He is not an "employer" subject to the age discrimination provisions of the FEHA.

■ The FEHA is a statute which clearly states a public policy against discrimination on the basis of age in employment. However, the FEHA, which declares the right to employment without discrimination to be a civil right and establishes that right as public policy of this state, simultaneously limits the application of the act's enforcement provisions to employers of five or more persons. Thus, while the Legislature has made a broad statement of policy, it has not extended that policy to small employers. The FEHA gives plaintiff no remedy as defendant does not regularly employ five or more persons.

The absence of an FEHA remedy would not negate the existence of a common law tort remedy if another law created the right on which this action is predicated. The FEHA expressly preserves rights created in other statutes, stating in section 12993, subdivision (a): "The provisions of this part shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this part shall be deemed to repeal any of the provisions of the Civil Rights Law or of any *other* law of this state relating to discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or age, unless those provisions provide less protection to the enumerated classes of persons covered under this part." (Italics added.)

Age discrimination in employment has been subject to statutory limitations since 1961, when former section 2072 was added to the Unemployment

Insurance Code as part of chapter 9.5, entitled "Employment of Older Workers." (Stats. 1961, ch. 1623, § 1, p. 3517.) That legislation also declared an age-related public policy in section 2070 of the Unemployment Insurance Code: "It is the public policy of the State of California that manpower should be used to its fullest extent. This statement of policy compels the further conclusion that human beings seeking employment, or retention thereof, should be judged fairly and without resort to rigid and unsound rules that operate to disqualify significant portions of the population from gainful and useful employment. Accordingly, use by employers, employment agencies, and labor organizations of arbitrary and unreasonable rules which bar or terminate employment on the ground of age offend the public policy of this State." (Stats. 1961, ch. 1623, § 1, p. 3517.)

The Legislature established discrimination on the basis of age as an unlawful employment practice in 1972 when it repealed Unemployment Insurance Code section 2072 and enacted former section 1420.1 of the Labor Code, a part of the Fair Employment Practices Act. (Stats. 1972, ch. 1144, § 1, p. 2211.) Former section 1420.1 of the Labor Code made it an unlawful employment practice "for an employer to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any individual between the ages of 40 and 64 solely on the ground of age, except in cases where the law compels or provides for such action. . . ."

Former section 1420.1 of the Labor Code and former section 2072 of the Unemployment Insurance Code each made it unlawful to refuse to hire or employ, or to discriminate against, persons between the ages of 40 and 64 solely on the ground of age. However, the Labor Code definition of employer limited application of the statutory provisions to employers of five or more persons. (Lab. Code, former § 1413.) Under the Unemployment Insurance Code provision the threshold had been six employees. (Unemp. Ins. Code, former § 2071, subd. (4).)

When former section 1420.1 of the Labor Code was adopted in 1972 as part of the Fair Employment Practices Act (Lab. Code, former § 1410 et seq.; see Stats. 1959, ch. 121, p. 1999 [the Fair Employment Practices Act]), it replaced former section 2072 of the Unemployment Insurance Code. Although the language of the new ban on age discrimination was substantially identical to that of the prior statute, the Legislature did not add age discrimination to the categories of discrimination declared to be violations of public policy in former sections 1411 and 1412 of the Labor Code.

When the FEHA was enacted the Fair Employment Practices Act, including former section 1420.1 of the Labor Code, was repealed. Therefore, while

the Legislature declared its intent that the FEHA not repeal other state laws governing discrimination in employment, it expressly repealed the former statutory bar to age discrimination. At the time subdivision (a) of section 12993 was enacted, although Unemployment Insurance Code section 2070 declared arbitrary age discrimination in employment to be contrary to public policy, there was no statutory prohibition of age discrimination in employment, and there had never been one applicable to small employers.

As the Court of Appeal recognized, and plaintiff concedes, there is presently no law of this state other than the FEHA which proscribes discrimination on the basis of age. Thus, while the FEHA is cumulative to *preexisting* common law and statutory rights (*Rojo* v. *Kliger, supra*, 52 Cal.3d 65, 79), it is not so with respect to a cause of action for age discrimination in employment.

Because *Tameny* was decided while the FEHA was still undergoing the legislative process,[7] and age was included among the types of discrimination declared to be in violation of public policy under sections 12920 and 12921 (Stats. 1980, ch. 992, § 4, pp. 3142-3143), the Legislature may have been aware when it adopted the FEHA that the court would recognize some violations of public policy in the discharge of an at-will employee as a basis for a tort action.

Nonetheless, the FEHA ban on discrimination in employment applies only to employers of five or more persons (§ 12926, subd. (d)). It seems clear, therefore, that the Legislature did not intend to make the right to be free of age discrimination by a small employer a "fundamental" public policy and to thereby subject employers who are not within the FEHA's statutory prohibitions and remedies to *Tameny*-based common law civil liability for age discrimination.

The Court of Appeal concluded that the absence of FEHA remedies for age discrimination by employers of fewer than five persons reflected only the Legislature's creation of an "arbitrary cutoff" of liability for the convenience of the administrative agency charged with responsibility for administering the FEHA remedies. As this court explained in *Robinson* v. *Fair Employment & Housing Com.* (1992) 2 Cal.4th 226 [5 Cal.Rptr.2d 782, 825 P.2d 767], however, that was not the sole purpose of the small employer exemption. That purpose had two aspects: "relieving the administrative body of the burden of enforcement where few job opportunities are available, *and*

---

[7]*Tameny* was decided on June 2, 1980. The FEHA, which originated as Assembly Bill No. 3165, was finally passed when the Assembly concurred in Senate amendments on August 26, 1980.

. . . keeping the agency out of situations in which discrimination is too subtle or too personal to make effective solutions possible." (*Id.*, at p. 240, italics added.)

The Court of Appeal also concluded that no public policy outweighed the protection against age discrimination in employment established by section 12920, and saw no reason to deny plaintiff a common law remedy based on the public policy expressed in the statute. Therefore, the court held, while a person covered under the act is required to exhaust FEHA remedies and may not base a claim on the policy expressed in the act, noncovered persons may base a common law cause of action on that policy. In so doing, the Court of Appeal distinguished *Strauss* v. *A. L. Randall Co.* (1983) 144 Cal.App.3d 514 [194 Cal.Rptr. 520], in which another court held that there is no common law cause of action for age discrimination in employment based on the FEHA statement of public policy. The employee in *Strauss*, the court reasoned, was a person covered by the FEHA and thus had a FEHA remedy while Jennings did not.

The Court of Appeal acknowledged that this court had discussed the Strauss decision at length in *Rojo* v. *Kliger, supra,* 52 Cal.3d 65, and had not disapproved that court's conclusion that no common law cause of action was created by the public policy statements in the FEHA. Nonetheless, the Court of Appeal reasoned, Jennings must be allowed a remedy if the employee is a victim of the discrimination prohibited under the public policy of the state.

Defendant, who relies on the history of the FEHA explored in *Robinson* v. *Fair Employment & Housing Com., supra,* 2 Cal.4th 226, argues that the age discrimination ban in the FEHA does not reflect a "fundamental" public policy of the type which the court held would support a common law action in *Gantt* v. *Sentry Insurance, supra,* 1 Cal.4th 1083. Relying on the history of the FEHA small employer exemption discussed in *Robinson* v. *Fair Employment & Housing Com., supra,* 2 Cal.4th 226, he contends that the conclusion of the Court of Appeal is contrary to the legislative intent in limiting statutory remedies for age discrimination to discrimination by persons who regularly employ five or more persons. That history included the explanation of the FEHA small employer exception offered in Tobriner, *California FEPC* (1965) 16 Hastings L.J. 333, 342: "A sense of justice and propriety led the framers to believe that individuals should be allowed to retain some small measure of the so-called freedom to discriminate; besides, they feared the political repercussions of eliminating totally an area of free choice whose infringement had been so bitterly opposed. In the second place, the framers believed that discrimination on a small scale would prove exceedingly difficult to detect and police. Third, it was believed that an employment

situation in which there were less than five employees might involve a close personal relationship between employer and employees and that fair employment laws should not apply where such a relationship existed. Finally, the framers were interested primarily in attacking protracted large-scale discrimination by important employers and strong unions. Their aim was not so much to redress each discrete instance of individual discrimination as to eliminate the egregious and continued discriminatory practices of economically powerful organizations. Thus, they could afford to exempt the small employer." (Fn. omitted; see also Brennan, *State Legislation Prohibiting Discrimination in Employment Because of Age* (1967) 18 Hastings L.J. 539, 551.)

Therefore, defendant argues, the legislative intent underlying the inclusion of age in the public policy declarations in sections 12920 and 12921 must be gleaned by reading those sections in conjunction with the definition of employer found in section 12926, which includes the small employer exemption and also exempts nonprofit religious associations and corporations.

Amicus curiae California Dental Association, noting these exceptions, argues that to qualify as a fundamental public policy within the meaning of *Gantt* v. *Sentry Insurance, supra*, 1 Cal.4th 1083, and thus support a common law cause of action, the policy must be one of universal application. That test, it argues, is supported by the reasoning of the court in *Foley* v. *Interactive Data Corp., supra*, where the court concluded that there was no distinct public interest at stake unless an employer violated a "fundamental duty imposed on all employers for the protection of the public interest." (47 Cal.3d at p. 670, fn. 12.)

Plaintiff concedes that age is not entitled to the same broad protection as are race and gender, that it does not enjoy constitutional protection, and that age-based preferences have been upheld where age is a bona fide occupational qualification or some other legitimate governmental interest warrants such treatment. She argues, however, that the limitation of FEHA remedies to employers of five or more persons does not signal approval of age-based discrimination by smaller employers. The public policy declared in section 12920, she claims, is not limited to employment by employers of five or more persons.

We agree with plaintiff that the public policy declared by the Legislature in section 12920 applies to all employers. It does not follow, however, that in declaring that policy the Legislature intended to create the basis for a common law tort action and to thereby subject employers whom it expressly exempted from FEHA coverage to liability for age discrimination. That it

did not is suggested by the statement in section 12993 that the act does not repeal any *other* laws relating to discrimination. That statement reflects an intent to create new rights within the FEHA statutory scheme while leaving existing rights intact, not intent to create new common law rights.

The exemption of small employers from the statutory bar to discrimination on the basis of age, an exemption which is not based on bona fide occupational qualifications and which is not found in section 12940, distinguishes the age-related rights created by the FEHA from the fundamental rights against discrimination on other bases, rights which predate the FEHA and have their origin in the Constitution, other statutes, or common law. We conclude therefore that, notwithstanding the inclusion of "age" in the policy and civil rights provisions of the FEHA, the Legislature did not intend by those provisions to establish age discrimination by a small employer as a new "fundamental" right for violation of which a wrongful termination action would lie.

The reasoning which supported our holding in *Gantt* v. *Sentry Insurance, supra,* 1 Cal.4th 1083, makes it clear that the inclusion of age in the policy statement of the FEHA alone is not sufficient to establish a "fundamental" public policy for the violation of which an employer may be held liable in a common law tort action. The Legislature's decision to exclude small employers from the FEHA and the omission of any other legislation barring discrimination on the basis of age precludes finding a fundamental policy that extends to age discrimination by small employers.

We explained in *Gantt* that "[a] public policy exception carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions strikes the proper balance among the interests of employers, employees and the public. The employer is bound, at a minimum, to know the fundamental public policies of the state and nation as expressed in their constitutions and statutes; so limited, *the public policy exception presents no impediment to employers that operate within the bounds of law.* Employees are protected against employer actions that contravene fundamental state policy. And society's interests are served through a more stable job market, in which its most important policies are safeguarded." (*Gantt* v. *Sentry Insurance, supra,* 1 Cal.4th at p. 1095, italics added.)

While the FEHA includes age among the categories protected by public policy against discrimination in employment, it does not make discrimination by an employer of less than five persons unlawful. Employers of four or fewer persons are exempt under the FEHA and no other law makes discrimination on the basis of age unlawful. It would be unreasonable to expect

employers who are expressly exempted from the FEHA ban on age discrimination to nonetheless realize that they must comply with the law from which they are exempted under pain of possible tort liability. We do not ascribe such a purpose to the Legislature.

Permitting such actions is not shown to be necessary to achieve the Legislature's goal in including a limited ban on age discrimination in the FEHA. The Legislature intended of FEHA itself "to provide effective remedies which will eliminate" the discriminatory practices condemned by the act. (§ 12920.) Those practices, declared to be unlawful employment practices, are such only when engaged in by "employers," i.e., a "person regularly employing five or more persons." (§ 12926, subd. (d).)

The trial court did not err in denying Jennings's motion for leave to amend to state a common law *Tameny*-based cause of action for age discrimination.[8]

## IV

### DISPOSITION

The judgment of the Court of Appeal is reversed and that court is directed to remand to the trial court with instructions to modify its judgment to include a dismissal of the action.

Lucas, C. J., Mosk, J., Kennard, J., Arabian, J., George, J., and Werdegar, J., concurred.

---

[8]Defendant also argues that the proposed amendment of the complaint could not state a cause of action because the *Tameny* claim in fact related to pension benefits and was preempted by the Employee Retirement Income Security Act (ERISA), 29 United States Code section 10001 et seq. This argument is based on Jennings's allegation that she was fired because her age made defendant's pension plan prohibitively expensive.

The Court of Appeal did not address the ERISA issue. Inasmuch as we have concluded that no common law *Tameny*-based cause of action may be stated for violation of the FEHA policy against age discrimination, we need not do so.