**Lesley SMITH, Plaintiff—Appellant,**

v.

**ALTERNATIVE RESOURCES CORPORATION, a Delaware corporation, Defendant—Appellee.**

No. 03–56599.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided April 15, 2005.

Wayne D. Clayton, Enq., Craig A. Horowitz, Esq., Horowitz & Clayton, Los Angeles, CA, for Plaintiff–Appellant.

George Preonas, Esq., Seyfarth Shaw, Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Lesley Smith, a former employee of Alternative Resources Corporation ("ARC"), appeals the district court's grant of summary judgment in favor of ARC in her action for pregnancy discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*, and wrongful termination in violation of public policy. Smith also argues that the district court erred in admitting ARC's spreadsheets of sales figures and account manager rankings without the proper evidentiary foundation for business records or summaries.

* This disposition is not appropriate for publication and may not be cited to or by the courts

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Summary judgment may be affirmed on any ground supported by the record. *Olsen v. State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). The district court's evidentiary rulings are reviewed for abuse of discretion. *Geurin v. Winston Indus., Inc.,* 316 F.3d 879, 882 (9th Cir.2002).

■ The district court did not abuse its discretion in admitting ARC's spreadsheets as business records under Federal Rule of Evidence 803(6). Sharon McKinney's declaration and Joyce Dickerson's deposition testimony satisfy the foundational requirements for business records. Because the spreadsheets are admissible as business records, and are therefore evidence in themselves, they are not "summaries" as defined in Federal Rule of Evidence 1006. *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir.1992). Thus, the foundational requirements for summaries do not apply.

■ The district court properly granted summary judgment with respect to Smith's pregnancy discrimination claim. To establish a prima facie case of discrimination under FEHA, Smith must provide evidence that she was performing competently in her position. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 355, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). Because ARC's business records show that Smith was not meeting her sales and revenue quotas, and that she was performing poorly relative to other account managers, Smith failed to raise a triable issue of fact regarding pregnancy discrimination.

of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court further held that Smith failed to establish a prima facie case of retaliation under FEHA. We hold that even if Smith were able to establish a prima facie case of retaliation, her unsatisfactory performance and the timing of her contract renewal constitute "legitimate, nonretaliatory" reasons for the adverse employment action. *Akers v. County of San Diego,* 95 Cal.App.4th 1441, 116 Cal. Rptr.2d 602, 610 (2002). The burden then shifts back to Smith to prove that ARC's reasons are pretextual. *See id.* Smith failed to create a triable issue of fact as to pretext. Summary judgment was thus proper on her retaliation claim as well.

Because Smith failed to raise triable issues of fact with respect to her FEHA claims, her common law cause of action for wrongful termination must also fail. *See Sanders v. Arneson Prods., Inc.,* 91 F.3d 1351, 1354 (9th Cir.1996); *Jennings v. Marralle,* 8 Cal.4th 121, 32 Cal.Rptr.2d 275, 284, 876 P.2d 1074 (1994).

AFFIRMED.