Filed 8/21/14  Estrella v. Foshtomi CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HOLLIE ESTRELLA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PEYMAN FATAHI FOSHTOMI,<br><br>        Defendant and Appellant. | A139947<br><br>(Solano County<br>Super. Ct. No. FFL131278) |

Appellant Peyman Fatahi Foshtomi appeals from an order that temporarily restrained him from harassing or contacting his former spouse and some of her relatives and restricted his ability to visit or have custody of a child.  We dismiss the appeal for lack of jurisdiction because the portion of the order restraining Foshtomi is moot, and the remaining portions of the order are interlocutory.

### FACTUAL AND PROCEDURAL BACKGROUND

Foshtomi and Hollie Estrella have one child together, L.F., who was born in March 2002.  The couple reportedly divorced in 2006.  Years later, Estrella sought a domestic-violence restraining order against Foshtomi, and a hearing was held on September 20, 2013.  At the conclusion of the hearing, the trial court issued an order.  The order temporarily restrained Foshtomi from harassing or contacting Estrella, Estrella's parents, L.F., and Estrella's two younger children until November 22, 2013, the date Estrella's request for a permanent restraining order was scheduled to be heard.  The order also awarded custody of L.F. to Estrella's parents, deeming them the child's de

1

facto parents, and denied Foshtomi visitation. These portions of the order were to remain in effect even after the hearing on the permanent restraining order.

Foshtomi timely appealed.

DISCUSSION

This court asked for supplemental letter briefs from the parties to address whether the appeal is moot in light of the expiration of the temporary restraining order on November 22, 2013. Neither party responded.

We conclude that the portion of the September 20 order restraining Foshtomi from harassment or contact is moot because it has expired. (See, e.g., *Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144 ["If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot. [Citation.]"].)

We also conclude that we lack appellate jurisdiction over the other portions of the order because, while they are not moot, they are interlocutory and not appealable. "Generally there is no right of appeal except from a final judgment or final order." (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 297.) "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1. [Citations.]" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.)

Here, even though the custody and visitation orders were to remain in effect after November 22, 2013 (the date Estrella's request for a permanent restraining order was scheduled to be heard), the trial court clearly indicated that they were nonetheless temporary: "If you [referring to Foshtomi] believe that by hiring an attorney and addressing something that therefore something may change here or may have a different take on this, I'm always going to respect that. So, I'm not going to make a permanent order today. [¶] . . . [¶] However, I am taking custody from—[L.F.] from you right

now.  [¶] . . . [¶]  Temporarily. . . .  [¶]  I am going to amend and continue the temporary order."[1]

"A temporary custody order is interlocutory by definition. . . .  Code of Civil Procedure section 904.1 bars appeal from interlocutory judgments or orders 'other than as provided in paragraphs (8), (9), and (11). . . .'  (Code Civ. Proc., § 904.1, subd. (a)(1)(A).)  Temporary custody orders are not listed in any of those paragraphs.  Therefore this statute precludes the appealability of such orders."  (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559-560, fn. omitted.)

The rule barring appeals of temporary custody orders applies when, as here, the orders are made in connection with a domestic-violence order.  "There are important policy reasons why domestic violence orders should not be treated as the functional equivalent of final judicial custody determinations.  Domestic violence orders often must issue quickly and in highly charged situations.  The focus understandably is on protection and prevention, particularly where the evidence concerning prior domestic abuse centers on the relationship between current or former spouses.  Treating domestic violence orders as de facto final custody determinations would unnecessarily escalate the issues at stake, ignore essential factors (such as the children's best interest) and impose added costs and delays.  It also may heighten the temptation to misuse domestic violence orders for tactical reasons."  (*Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1056.)

We conclude that we lack jurisdiction to consider the trial court's temporary custody and visitation order.

---

[1] From this discussion, it appears a temporary order was issued sometime prior to the instant proceedings.

## DISPOSITION

The appeal is dismissed for lack of jurisdiction.  In the interests of justice, each side shall bear his or her own costs on appeal.

_____
Humes, P.J.

We concur:

_____
Margulies, J.

_____
Dondero, J.

4