Filed 2/22/16  Sui v. Pierce CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YAN SUI, | |
| Plaintiff and Appellant, | G051510 |
| v. | (Super. Ct. No. 30-2011-00528906) |
| STEPHEN D. PRICE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Craig L. Griffin, Judge.  Appeal dismissed.

Yan Sui, in pro. per., for Plaintiff and Appellant.

Bonne, Bridges, Mueller, O'Keefe & Nichols, Margaret M. Holm, Robert A. Zermeno, Jr., and Allyson S. Ascher for Defendants and Respondents.

\*          \*          \*

Yan Sui appeals from the court's order denying his motion for attorney fees in his action against defendants Stephen D. Price, Michelle J. Matteau, and 2176 Pacific Homeowners Association. Because the court's order is nonappealable, we dismiss Sui's appeal.

FACTS[1]

In July 2011, Sui filed a petition for bankruptcy relief in the bankruptcy court.

In December 2011, Sui and Pei-Yu Yang filed this action against defendants.

In May 2012, defendants and Sui's bankruptcy trustee entered into a settlement agreement, whereby defendants would pay $5,000 and release Sui's bankruptcy estate from any malicious prosecution claims against Sui, in exchange for the dismissal with prejudice of Sui's four pending lawsuits against them, including the instant action. The settlement agreement also stated the parties would bear their own attorney fees.

---

[1] We grant defendants' request for judicial notice under Evidence Code sections 452, 453, and 459 as to the following exhibits to the request: Exhibit B (Yan Sui's petition for bankruptcy relief), exhibit E-A (order of bankruptcy court approving the settlement agreement), exhibit E-B (memorandum of Ninth Circuit Court of Appeal affirming the order of the Bankruptcy Appellate Panel dismissing as moot Yan Sui's appeal from the order approving the settlement), exhibit J (notice of ruling on attorney fees motion), exhibit K (*Sui v. 2176 Pacific Homeowners Assoc.* (Feb. 24, 2015, G049822) [nonpub. opn.]). The request for judicial notice as to the remaining exhibits is denied as not relevant to the reason for our dismissal of the appeal.

We deny consideration of Sui's "submission of supplemental facts in support of the argument in appeal" and the request for judicial notice in support thereof as not relevant to the reason for our dismissal of the appeal.

In August 2012, the bankruptcy court approved the settlement agreement and authorized the trustee to carry out the terms of the compromise.

In July 2013, the court stayed the action pending the outcome of Sui's bankruptcy appeal.

On December 17, 2014, Sui filed a motion for attorney fees, alleging he was the prevailing party in the action "[b]ecause of the settlement between" his bankruptcy trustee and defendants, and his purported recovery of $1,250 from defendants.

The court denied Sui's motion for attorney fees for five independent reasons: (1) the "motion cannot be heard because it constitutes a core proceeding [within] the exclusive jurisdiction of the bankruptcy court," (2) "this action [is] still pending in the literal sense — there has been no final determination as to who the prevailing party might be," (3) "to the extent plaintiffs seek fees as the prevailing party on a writing (the CC&Rs), Civil Code [section] 1717 prohibits any such award when the action was resolved by way of settlement — which occurred by virtue of the settlement agreement reached between defendants and the Chapter 7 trustee . . . . That agreement also specifies that the parties will bear their own fees and costs," (4) "plaintiffs are self-represented and have provided no evidence of any attorney fees actually incurred," and (5) "since this litigation is part of plaintiff's Chapter 7 bankruptcy, the asset (this case and any motion associated therewith) belongs exclusively to the trustee."

DISCUSSION

Because the instant action is still pending, the court's denial of Sui's attorney fees motion is not appealable. We therefore lack jurisdiction and must dismiss the appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].)There has been no final judgment in this case; thus, the order in question is not a postjudgment order. (See Code Civ. Proc., § 904.1, subds. (a)(1) & (2).) Because we lack jurisdiction, we do not address other arguments.

Sui argues his appeal is not premature, relying on Code of Civil Procedure section 1294[2] and *De La Cuesta v. Benham* (2011) 193 Cal.App.4th 1287. Code of Civil Procedure section 1294, relating to appealable orders in arbitration proceedings, is inapplicable here. *De La Cuesta* was an appeal from a *postjudgment order* concerning a party's motion for attorney fees under Civil Code section 1717. (*De La Cuesta*, at pp. 1290-1291.) In no way does *De La Cuesta* support Sui's contention his appeal is warranted "before the case comes to a final judgment" and that his "motion is interlocutory in nature . . . ."

Sui's motion in the trial court was frivolous. His appeal is equally frivolous. "California courts have the inherent power to dismiss frivolous appeals." (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516.) We could have well exercised that inherent power and dismissed Sui's appeal on that basis as well.

---

[2] His actual cite is to Code of Civil Procedure section "1294.20." Code of Civil Procedure section 1294.20 does not exist.

4

DISPOSITION

The appeal is dismissed.  Defendants shall recover their costs incurred on appeal.



IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

5