Filed 5/31/22  P. v. Lara CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

|  |  |
|---|---|
| THE PEOPLE, | C093563 |
| Plaintiff, | (Super. Ct. No. CH037504) |
| v. | |
| DANIEL JOSEPH LARA, | |
| Defendant and Respondent; | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Objector and Appellant. | |
| [And 12 other cases.*] | |

---

* *People v. Coleman* (No. CH038315); *People v. Contreras* (No. CH037619); *People v. Cortez* (No. CH037944); *People v. Girard* (No. CH038005); *People v. Granados* (No. CH037795); *People v. Gutmann* (No. CH038260); *People v. Hernandez* (No. CH037722); *People v. Magee* (No. CH037789); *People v. Ortega* (No. CC037981); *People v. Thomas* (No. CH037880); *People v. Vaka* (No. CH037871); *People v. Warren* (No. CH037978).

1

California's Department of Corrections and Rehabilitation (CDCR) attempts to appeal from trial court orders in 13 *criminal* cases by relying on Code of Civil Procedure section 904.1, which authorizes appeals only in *civil* cases. The lead case – *People v. Lara* (Super. Ct. Lassen County, 2021, No. CH037504) – involves an order by which the Lassen County Superior Court required CDCR to provide Lara's trial attorney with reasonable access to confidential video conferencing with Lara for at least one hour per month. Each of the 13 felony prosecutions encompassed by this appeal involves a nearly identical order for reasonable access to confidential video conferencing. These orders were made while the coronavirus disease 2019 (COVID-19) pandemic was widespread in nearly all of the counties along the path of travel between Lassen County and Pelican Bay State Prison, where defendants were being held pending trial. CDCR filed a motion to vacate. The trial court denied the motion. Relying on a reporter's transcript of the pronouncement, CDCR filed both a petition for writ of mandate and a notice of appeal. This court summarily denied the writ petition.

We conclude that Code of Civil Procedure section 904.1 cannot be relied upon by CDCR to authorize appeals in these criminal cases. Accordingly, we dismiss the appeals.

## BACKGROUND

In November 2019, Lara and a codefendant were charged with felonies relating to their alleged assault of a prison inmate with a sharp instrument while they were serving life sentences. A few months later, the COVID-19 pandemic struck. "On March 4, 2020, Governor Gavin Newsom declared a state of emergency in response to the global outbreak of COVID-19, a 'new disease, caused by a novel (or new) coronavirus that has not previously been seen in humans.' (Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Frequently Asked Questions <https://www.cdc.gov/coronavirus/2019-ncov/faq.html> [as of June 9, 2020].).)" (*Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, 167 (*Stanley*).) "Despite state and local shelter in place orders throughout the country, including in California . . . ,

2

according to the Centers for Disease Control and Prevention there have been almost two million cases of COVID-19 in the country and over 110,000 deaths caused by the virus. California itself has seen nearly 130,000 cases and over 4,600 deaths. (Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), Cases in the U.S. <https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html> [as of June 9, 2020].)" (*Id.* at pp. 169-170.)

While awaiting trial, Lara was moved from Lassen County to Pelican Bay State Prison in Crescent City, California. On July 27, 2020, Lara's trial attorney filed a request for safe access to the courtroom by video conference. In support of the request, Lara's trial attorney declared that "despite repeated informal requests for video attorney-client conferencing and video court appearances, CDCR has thus far refused to provide the defendant with reasonable access to an attorney, or even a courtroom, despite the availability of technology for both, thereby creating the necessity for this formal request to the court . . . ." On July 28, 2020, the trial court issued an order requiring CDCR to "provide the defendant with confidential video access to his attorney Jeff Cunan for at least one hour prior to any . . . court appearance."

The record indicates that on October 20, 2020, defendant's trial attorney filed a request for an order that was similar to the terms of the already issued order granting video conferencing between legal counsel and defendant. The record does not show any opposition by the district attorney to the defendant's request for video conferencing. The trial court granted the request on the same day. Three days later, CDCR filed a "motion to vacate order compelling confidential video conferencing at Pelican Bay State Prison."

On January 15, 2021, the trial court heard and denied CDCR's motion. The trial court found, "[t]he route that the attorneys [in Lassen County] would have to take to go to Pelican Bay . . . to have a legal visitation with their clients includes travel through all purple tier counties. Purple tier means there is widespread virus contagion in that county. We have new, more transmissible variants popping up every day. On top of that, the

3

governor of the State of California has imposed certain restrictions. The California Covid restrictions as of this morning regarding travel, et cetera, says, and I quote, All individuals living in the State of California are currently ordered to stay at home or at the place of residence except for permitted work, local shopping or other permitted errands or as otherwise authorized." Moreover, the trial court noted that Banner Lassen Medical Center in Lassen County had no intensive care units available in its hospital.

The trial court explained that it was concerned by "the fact that [CDCR], at least as it pertains to Pelican Bay, as far as I understand, is that it does in fact allow video conferencing. In fact, it appears to mandate video conferencing between a legal representative and an inmate for board of parole hearings." Thus, the trial court found "it disturbing that [CDCR] would apparently mandate that a legal representative for a [Board of Parole Hearings hearing] is not requested, but expected to consult via video with their clients, but someone who is facing a possible life without possibility of parole sentence is not allowed that same opportunity." And, the trial court noted: "It also frankly concerns me that although we're opening up visitation for purposes of legal visits, the state does not deem it necessarily safe to allow family visits or to allow religious visits, so I find it rather curious that in the course of this litigation of this court order, that all of a sudden, [CDCR] believes it's safe enough to have attorneys come in to meet clients but not safe enough to have mothers, daughters, sons, brothers, fathers come in and visit. That's odd to me. I think the timing, frankly, is odd as well."

After hearing further argument from Lara's trial attorney and counsel for CDCR, the trial court concluded the hearing by stating: "Motion for reconsideration is denied." On February 5, 2021, CDCR filed a notice of appeal from orders granting video conferencing in 13 felony prosecutions: *People v. Magee* (Super. Ct. Lassen County, 2021, No. CH037789), *People v. Granados* (Super. Ct. Lassen County, 2021, No. CH037795), *People v. Lara* (Super. Ct. Lassen County, 2021, No. CH037504), *People v. Contreras* (Super. Ct. Lassen County, 2021, No. CH037619), *People v. Thomas* (Super.

4

Ct. Lassen County, 2021, No. CH037880), *People v. Hernandez* (Super. Ct. Lassen County, 2021, No. CH037722), *People v. Ortega* (Super. Ct. Lassen County, 2021, No. CC037981), *People v. Warren* (Super. Ct. Lassen County, 2021, No. CH037978), *People v. Coleman* (Super. Ct. Lassen County, 2021, No. CH038315), *People v. Gutmann* (Super. Ct. Lassen County, 2021, No. CH038260), *People v. Cortez* (Super. Ct. Lassen County, 2021, No. CH037944), *People v. Girard* (Super. Ct. Lassen County, 2021, No. CH038005), and *People v. Vaka* (Super. Ct. Lassen County, 2021, No. CH037871). The notice of appeal, and CDCR's opening brief in this matter, rely on Code of Civil Procedure sections 904.1, subdivision (a)(6), and 916 to assert that the trial court's "mandatory injunction orders are automatically stayed." CDCR identifies no other statutory basis for appealability other than the Code of Civil Procedure.

In addition to filing the notice of appeal, CDCR also sought a petition for writ of mandate or prohibition in *Department of Corrections and Rehabilitation v. Superior Court of Lassen County* (case No. C093517).[1] This court summarily denied the petition on April 9, 2021.

## DISCUSSION

As a fundamental matter, "[t]he existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) Whenever doubt exists regarding the appealability of a judgment or order, this court must consider the issue on its own initiative. (*Ibid*.) Upon consideration, we conclude the appeal must be dismissed.

We reject CDCR's reliance in its notice of appeal and opening brief on Code of Civil Procedure section 904.1, subdivision (a)(6), for statutory authorization to appeal. Appeals in civil cases are governed by part 2, title 13, of the Code of Civil Procedure.

---

[1] Lara's request for judicial notice of the proceedings in this court's case No. C093517 is granted. (Evid. Code, §§ 452, subd. (d), 459.)

Title 13 of part 2 encompasses sections 901 and 904.1.  Section 901 provides that "[a] judgment or order in a *civil* action or proceeding may be reviewed as prescribed in this title."  (Code Civ. Proc, § 901, italics added.)  Section 904.1 provides that "An appeal, other than in a limited civil case, is to the court of appeal.  An appeal, other than in a limited civil case, may be taken from any of the following:  [¶]  . . .  [¶]  (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction."  (Code Civ. Proc, § 904.1, subd. (a).)  In general, the provisions for appealability in Code of Civil Procedure section 904.1 apply only to civil cases.  (See *People v. Superior Court* (*Laff*) 25 Cal.4th 703, 729, fn. 12 [provisions in part 2 of the Code of Civil Procedure govern criminal cases only if expressly made applicable].)  We have found no statute that makes section 904.1 applicable to a proceeding like this.  (But, cf. Pen. Code, § 115, subd. (h) [Procuring or offering false or forged instrument of record; violations; punishment:  "An order made pursuant to subdivision (e) shall be considered a judgment, and subject to appeal in accordance with, paragraph (1) of subdivision (a) of Section 904.1 of the Code of Civil Procedure."].)

At oral argument, CDCR cited to several cases to support its position that the injunction was a collateral matter to the criminal cases and the appeals fell within Code of Civil Procedure section 904.1.  A brief look at some of these cases shows that they address a different issue or are distinguishable.  For example, *In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224 addressed a different issue; whether nonparties who are aggrieved by a judgment (disclosure order) may appeal from it.  The court focused on whether the disclosure order was a final adjudication with no issues remaining to be decided in the case.  And *People v. Wilcox* (1960) 53 Cal.2d 651, a bail forfeiture case, is distinguishable because the "forfeiture of bail is an independent, collateral matter, *civil in nature*, and the effect of an order on a motion to set aside such a forfeiture is substantially a final determination at the trial court level of issues affecting the surety, aside from the principal matter before the court."  (*Id.* at pp. 654-655, italics added.)

6

Appealability in criminal cases is statutorily constrained. " ' "The prosecution's right to appeal in a criminal case is strictly limited by statute. [Citation.] Long-standing authority requires adherence to these limits even though 'the People may thereby suffer a wrong without a remedy.' [Citation.] The circumstances allowing a People's appeal are enumerated in [Penal Code] section 1238." ' ([*In re*] *Anthony* [(2015)] 236 Cal.App.4th [204,] 211, quoting *People v. Chacon* (2007) 40 Cal.4th 558, 564.) ' " '[C]ourts are precluded from so interpreting [Penal Code] section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature.' " ' (*Anthony*, at p. 211.)" (*People v. Caldwell* (2018) 29 Cal.App.5th 180, 188-189.)

Here, CDCR does not purport to appeal any order enumerated in Penal Code section 1238. Review of Penal Code section 1238[2] shows that neither a motion to vacate

_____

[2]     Penal Code section 1238 provides, in pertinent part: "An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside all or any portion of the indictment, information, or complaint. [¶] (2) An order sustaining a demurrer to all or any portion of the indictment, accusation, or information. [¶] (3) An order granting a new trial. [¶] (4) An order arresting judgment. [¶] (5) An order made after judgment, affecting the substantial rights of the people. [¶] (6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense. [¶] (7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting the defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code. [¶] (8) An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. [¶] (9) An order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5. [¶] (10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence, except that portion of a sentence imposing a prison term which is based upon a court's choice that a term of imprisonment (A) be the upper, middle, or lower term, unless the term selected is not set forth in an applicable statute, or (B) be consecutive or concurrent to another term of imprisonment, unless an applicable statute requires that the term be consecutive. As used in this paragraph, 'unlawful sentence' means the imposition of a sentence not authorized by law

nor a motion for reconsideration are listed as orders from which the People may appeal in a felony prosecution.  Consequently, CDCR's appeal must be dismissed for lack of an appealable order.**3**

**DISPOSITION**

The appeal is dismissed.


                                            /s/                   
                                              HOCH, J.


We concur:


 /s/                   
ROBIE, Acting P. J.


 /s/                   
KRAUSE, J.

---

or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction.  [¶]  (11) An order recusing the district attorney pursuant to Section 1424."  (Pen. Code, § 1238, subd. (a).)

**3**      Our conclusion that these cases lack an appealable order obviates the need to consider whether CDCR is a party that may appeal under Penal Code section 1238, which limits appeals to those taken by "the people."