Filed 12/3/24  Shoker v. Ghuman CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEVINDER S. SHOKER et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> SUKHJINDER SINGH GHUMAN et al., <br><br> Defendants and Respondents. | A167539 <br><br> (Alameda County Super. Ct. No. RG19036992) |

### MEMORANDUM OPINION[1]

In this fraud action, defendants Sukhjinder Singh Ghuman and Jasbir S. Phangureh filed a motion for a discovery protective order, pursuant to Code of Civil Procedure section 2025.420,[2] based on assertions that plaintiffs Devinder S. Shoker and

---

[1]  We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1, and the First Appellate District Local Rules, rule 19.

[2]  Undesignated statutory references are to the Code of Civil Procedure.  "Before, during, or after a deposition, any party[ or] any deponent . . . may promptly move for a protective order.  The motion shall be accompanied by a meet and confer declaration under Section 2016.040."  (§ 2025.420, subd. (a).)  "The court, for good cause shown, may make any order that justice requires to protect any party[ or] deponent . . . from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense."  (§ 2025.420, subd. (b).)

Rajwant K. Shoker (along with their attorney) attempted to intimidate or bribe three third-party witnesses, who the Shokers sought to depose. The Shokers opposed the motion and flatly denied that they made any attempt to intimidate or bribe the three witnesses. After a hearing, the trial court signed a written order in which it stated that it was *not* resolving the factual conflict or finding that witness intimidation or bribery had occurred. But, nonetheless, it granted the motion "in part," without specifying what restrictions it was granting or the reasons for granting them. On the same day, the trial court also granted the Shokers' motions to compel the depositions (without limitation) of each of the three witnesses—who had previously failed to appear.

The Shokers appeal from the order granting the protective order "in part." They primarily contend that the trial court erred because section 2025.420 does not authorize a protective order that bars contact unrelated to the taking of a deposition and, in the alternative, that the motion should have been denied because it was not accompanied by a meet and confer declaration (§ 2025.420, subd. (a)). We agree with the Shokers that there is no legal basis for the order and reverse.

There is a threshold question about appealability. The Shokers and defendants agree that, although protective orders involving misuse of the discovery process are not directly appealable (§ 904.1, subd. (a)(1); *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 560-561), the challenged order is appealable as an order granting an injunction because it bars the Shokers from contacting three witnesses. (See § 904.1, subd. (a)(6); *PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142.)

We do not find the issue as straightforward because the order does not specify any restrictions. (See *Jennings v. Marralle*

(1994) 8 Cal.4th 121, 126 [court has independent duty to determine appealability].)  After considering supplemental briefs, we conclude that, although its terms are unclear, the order is appealable as an order that both grants and denies injunctive relief.  (See § 904.1, subd. (a)(6).)  It granted an injunction placing (unspecified) restrictions on the Shokers' and their attorneys' contact with three witnesses but denied an injunction for greater restrictions on the three witnesses as well as other potential witnesses.[3]

Having determined the order is appealable, we now turn to the merits.  A court's ruling on a motion for protective order will not be disturbed absent an abuse of discretion.  (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 316-317; cf. *IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69 [same standard of review applies to preliminary injunction].)

Although the terms of the order are cryptic, we are inclined to agree with the Shokers that—read in conjunction with the trial court's later orders—it prohibits the Shokers and their counsel from communicating (other than taking their depositions) with Voleti, Venkatapathi Rayapati, and Vijayasri Rayapati regarding the facts and issues in this case.

So construed, it is undisputed that the challenged order does not in any way control or limit deposition conduct.  Thus, the trial court's order is not authorized by section 2025.420— which was the only basis for the order cited by the defendants in their moving papers and by the trial court in its order—because the order has *nothing* to do with deposition conduct.  (See § 2025.420, subd. (b) [providing a nonexclusive list of protective orders that may be issued involving the taking of a deposition,

---

[3] We grant the Shokers' unopposed motion to augment the appellate record with a copy of the minutes from the hearing on defendants' motion for a protective order.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

including that "the deposition not be taken at all" and limits on "the scope of the examination"]; *Cahill Construction Co., Inc. v. Superior Court* (2021) 66 Cal.App.5th 777, 788 [§ 2025.420 "authorizes a trial court to issue a protective order to control deposition conduct"].)

Section 2025.420 does not explicitly provide for the issuance of a protective order that limits communication *outside* of the deposition examination itself. (§ 2025.420, subd. (b).) And defendants fail to cite any authority suggesting that we can construe the statute so broadly. In fact, they concede that the statute does not support the issuance of an order constraining communication outside of the deposition context. Defendants also do not propose any other basis on which to affirm the order. We are not aware of any.

The trial court abused its discretion. We need not address the Shokers' additional constitutional concerns. (See *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1102 ["[o]ur jurisprudence directs that we avoid resolving constitutional questions if the issue may be resolved on narrower grounds"]; *Toshiba America Electronic Components v. Superior Court* (2004) 124 Cal.App.4th 762, 768 [" '[a]ction that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion' "].)

## DISPOSITION

The order granting (in part) defendants' motion for a protective order is reversed and remanded for entry of an order denying the motion. The Shokers are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

4

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*Shoker et al. v. Ghuman et al. (A167539)*