Filed 8/6/14  A.G. v. A.M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| A.G.,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>A.M.,<br><br>    Defendant and Appellant. | G047539<br><br>(Super. Ct. No. 09P001332)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on July 17, 2014, be modified as follows:

1.  On page 1, in the caption, the party designations for A.M. read "Plaintiff and Appellant" but they are now changed to read "Defendant and Appellant."

2.  On page 1, second paragraph, the sentence is modified to read in full "A.M., in pro. per., for Defendant and Appellant."

3.  On page 1, third paragraph, the sentence is changed to read in full "No appearance for Plaintiff and Respondent."

These modifications do not change the judgment.

O'LEARY, P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.

Filed 7/17/14 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| A.G., | |
| Plaintiff and Respondent, | G047539 |
| v. | (Super. Ct. No. 09P001332) |
| A.M., | O P I N I O N |
| Plaintiff and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lon F. Hurwitz, Judge. Appeal dismissed.

A.M., in pro. per., for Appellant.

No appearance for Respondent.

A.M., an incarcerated person acting in propria persona, filed this appeal seeking review of two orders issued by the family law court. As we explain in detail below, the appeal is untimely as to the first order and the second order is not an appealable order. Consequently, we dismiss the appeal for lack of jurisdiction.

PROCEDURAL BACKGROUND

The underlying family law case began with a petition to establish A.M.'s paternity as to E.M., a male child of his former girlfriend, A.G. ("Mother").[1] A.M. was incarcerated in Tehachapi State Prison when Mother filed a petition on October 16, 2009, for an order establishing A.M.'s parental relationship with E.M. and his failure to provide child support, as well as an order giving Mother sole legal and physical custody of E.M. and denying A.M. visitation rights. On November 30, 2009, the family law court granted Mother's petition in its entirety. In this initial proceeding, and throughout all the family law proceedings that followed, neither party was represented by counsel.

On May 6, 2010, while A.M. was still in prison, Mother obtained an ex parte domestic violence temporary restraining order against A.M., alleging he made a threatening phone call to her two months earlier and had physically abused her in the past. The hearing date was set for June 3, 2010, but was continued several times.

On June 29, 2010, A.M. filed a motion to modify custody, seeking joint physical and legal custody of E.M. and visitation rights. He also requested an order for a "DNA paternity test other child" to determine if Mother's female child born in 2007 was his biological daughter. Mother was married to her current husband at the time the female child was born, but A.M. argued in his motion the child was conceived *before* the

---

[1] Because this case involves two minor children, we follow the usual practice of protective nondisclosure of the parties' names. For reasons of clarity, given the similarity of the initials of appellant and respondent, we refer to A.G. as "Mother."

marriage and while A.M. and Mother "were still living together[.]" Consequently, A.M. asserted, "there exists a high probability" A.M. was the little girl's biological father.

On August 3, 2010, the family law court held a hearing on Mother's application for a restraining order. Based on Mother's testimony, the court found "acts of domestic violence have occurred between the parties" and A.M. was the perpetrator. The court issued a permanent restraining order against A.M. until August 3, 2015. The court also ordered Mother would have sole legal and physical custody of E.M., and A.G. "shall have no visitation at this time."

On November 29, 2010, the family law court held a hearing on A.M.'s motion for modification of custody and visitation, and for DNA paternity testing. A.M. was out of prison by then and appeared at the hearing. Both he and Mother testified. The minute order from the hearing stated the court "deems [A.M.'s] [m]otion re: [m]odification as a [m]otion to [v]acate the [r]estraining [o]rder dated 8/03/10." The court granted the motion to vacate and issued a new permanent restraining order against A.M. for three years, until November 29, 2013.

The November 29, 2010, minute order stated the court had reviewed Mother's declaration, A.G.'s response, and the testimony. Based on this evidence, the court found domestic violence had occurred, A.M. was the perpetrator, and Mother and E.M. were the victims. The court ordered A.M. to attend a 10-week parenting program, to begin within 30 days, and to provide the court with the names of three people "willing to act as a monitor for visitation." The court continued the matter to February 28, 2011, at which time A.M. was to bring proof of enrollment and a progress report, as well as the list of potential visitation monitors. The court also specifically denied A.M.'s "request for DNA testing[.]"

On February 28, 2011, A.M. failed to appear for the continued hearing on his motion to modify custody and visitation, and the family law court ordered that "[a]ll prior orders shall remain in effect." The clerk's transcript on appeal contains multiple

3

copies of a variously dated "motion requesting new hearing" in which A.M. apparently attempted to inform the family law court of the reason he missed the February 28, 2011, continued hearing: He was in jail at the time, having been arrested two weeks before the hearing. The last of these variously dated copies of the "motion requesting new hearing" complained the clerk of the family law court had repeatedly rejected his motion because of his failure to serve the motion on Mother, whose address was confidential because of the permanent restraining order in effect.

On May 16, 2012, A.M. succeeded in filing an order to show cause re modification of custody and visitation, with a hearing date set for August 13, 2012. The record contains a family law court form "declaration of non-appearance for scheduled mediation appointment" (capitalization omitted) stating Mother failed to appear for the mediation appointment on August 6, 2012, which was preparatory to the August 13 hearing.

The minute order from the August 13, 2012, hearing indicates A.M. made his appearance for the hearing "[i]n custody." Whether he had been transported from the jail or appeared telephonically is unclear. Because A.M. did not request a reporter's transcript for his appeal, we must rely on the clerk's transcript to learn what transpired at the hearing.

The August 13, 2012, minute order reflects the hearing lasted 18 minutes and contains the following brief summary of what happened: "Court finds that there has not been valid service on the petitioner [Mother]. [¶] Court and the respondent [A.M.] engage in discussions. [¶] Respondent's request is denied at this time."

On October 16, 2012, A.M. filed a notice of appeal stating he appeals from the order entered on August 13, 2012, and "all orders made against [A.M.]" in the underlying case.

4

We begin by noting a self-represented litigant on appeal "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. . . . Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [internal quotes omitted].) Although self-represented litigants are not entitled to special treatment, they are entitled to the same treatment as a represented party. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.)

A fundamental rule of appellate procedure is that the appeal must be *timely* filed from an *appealable* order or judgment. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc*. (1997) 15 Cal.4th 51, 56 [timely filing of an appeal is a prerequisite to the exercise of appellate jurisdiction]; see also *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].) Unfortunately for A.M., his appeal fails to meet this initial, crucial requirement.

## 1. *The Order Denying the Request for DNA Paternity Testing*

Though A.M.'s notice of appeal states he appeals from "all orders made against" him in the underlying case, his opening brief challenges only two orders.[2] The first order he attacks is the order denying his request for DNA testing to determine whether he is the father of the female child born to Mother in 2007. A.M. mounts a vigorous assault on that order, asserting a host of errors, including the denial of his due process rights under the 14th Amendment to the United States Constitution. A.M.'s

---

[2] Mother did not file a respondent's brief, so the opening brief is the only brief filed.

passionate arguments are to no avail, however, because the appeal is untimely as to this particular order.[3]

Rule 8.104(a) of the California Rules of Court establishes the time within which a party may file an appeal. Under the rule, the latest a party may file a notice of appeal is 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(C), (e) ["'judgment' includes an appealable order"].) The time for appealing a judgment or order is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal and it must be dismissed. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674; *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762; Cal. Rules of Court, rule 8.104(b).)

The family law court denied A.M.'s motion for DNA paternity testing on November 29, 2010. A.M. did not file his notice of appeal until October 16, 2012, long past the latest possible deadline for an appeal from that order. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Consequently, we have no jurisdiction to entertain A.M.'s appeal from the order denying his motion for paternity testing.

2. *The Order Denying the Motion for Modification of Custody and Visitation*

The second order addressed in A.M.'s opening brief, and the only one specifically identified in the notice of appeal, was the August 13, 2012, order denying A.M.'s request for modification of custody and visitation. While the notice of appeal was timely as to this order, a different jurisdictional problem precludes appellate review: The August 23, 2012, order was not an appealable order.

"Generally there is no right of appeal except from a final judgment or final order." (*Marsh v. Mountain Zephyr, Inc*. (1996) 43 Cal.App.4th 289, 297.) "The

---

[3] The order denying A.M.'s request for paternity testing is arguably an appealable order under Family Code section 7636, which provides: "The judgment or order of the court determining the existence or nonexistence of the parent and child relationship is determinative for all purposes except for actions brought pursuant to [s]ection 270 of the Penal Code."

existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1. [Citations.]" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.)

The face of the August 13, 2012, order reveals it is not a final adjudication of custody rights between the parties. After reflecting the court's finding Mother did not receive valid service of the motion, the order simply states A.M.'s "request is denied *at this time*." (Italics added.) Such language does not constitute a final decision on the merits. To the contrary, the family law court denied the motion to modify custody and visitation simply for lack of valid service. Consequently, A.M. is not precluded from filing another motion seeking identical relief, with proper service on Mother.

Importantly, the existing custody ruling A.M. had attempted to modify by his motion was a temporary custody order. The November 29, 2010, order awarding sole legal and physical custody to Mother and denying visitation to A.M. required A.M. to attend a 10-week parenting program and to provide the family law court with proof of enrollment and progress, as well as the names of three potential custody monitors, at the continued hearing set for three months later (February 28, 2011). Thus, the order clearly held open the possibility of a future change in visitation and custody. Had A.M. not landed in jail before the continued hearing date, he might have obtained some limited visitation upon proof of compliance and good progress.

"A temporary custody order is interlocutory by definition . . . . Code of Civil Procedure section 904.1 bars appeal from interlocutory judgments or orders 'other than as provided in paragraphs (8), (9), and (11). . . .' (Code Civ. Proc., § 904.1, subd. (a)(1)(A).) Temporary custody orders are not listed in any of those paragraphs. Therefore this statute precludes the appealability of such orders." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559-560, fn. omitted.)

7

"There are important policy reasons why domestic violence orders should not be treated as the functional equivalent of final judicial custody determinations. Domestic violence orders often must issue quickly and in highly charged situations. The focus understandably is on protection and prevention, particularly where the evidence concerning prior domestic abuse centers on the relationship between current or former spouses. Treating domestic violence orders as de facto final custody determinations would unnecessarily escalate the issues at stake, ignore essential factors (such as the children's best interest) and impose added costs and delays. It also may heighten the temptation to misuse domestic violence orders for tactical reasons." (*Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1056.)

Because the August 13, 2012, order denying A.M.'s motion for modification of custody and visitation was not an appealable order, we lack jurisdiction to consider the appeal from that order.

DISPOSITION

The appeal is dismissed for lack of jurisdiction. In the interests of justice, each side shall bear its own costs on appeal.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.