Filed 2/17/21  Wilson v. Dagostino CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GRACE WILSON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSEPH DAGOSTINO,<br><br>    Defendant and Respondent. | D076886<br><br><br>(Super. Ct. No. 37-2017-00009820-CU-DF-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Grace Wilson, in pro. per., for Plaintiff and Appellant.

Gruenberg Law and Pamela Vallero, for Defendant and Respondent.


In an earlier appeal in this action, we reversed an order granting a special motion to strike the complaint under California's anti-SLAPP statute, Code of Civil Procedure section 425.16, brought by defendant Joseph

Dagostino.[1] (*Wilson v. Landry* (Sept. 18, 2018, D072948) [nonpub. opn.] (*Wilson*).) On remand, pursuant to section 425.16, subdivision (c)(1), plaintiff Grace Wilson filed a motion for attorney fees and costs on the basis that Dagostino's anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay. The trial court denied Wilson's motion, ruling that she did not meet her burden. Wilson appeals from the order denying her motion.

As we explain, although the order denying Wilson's motion for attorney fees and costs is not an appealable order, we will liberally construe Wilson's notice to be an appeal from the later-entered judgment of dismissal. In reaching the merits, as we further explain, Wilson did not meet her burden of establishing that the trial court abused its discretion. Accordingly, we will affirm the order denying Wilson's motion for attorney fees.

## I. STATEMENT OF THE CASE

As relevant to this appeal, in this action, Wilson alleged one cause of action for slander against Dagostino (and Steve Landry, who is not a party to the appeal) based on statements Dagostino (and Landry) allegedly communicated to the effect that Wilson tried to injure him with her car. The defamatory nature of these statements, according to Wilson, was that they " 'charge[d] [her] with having committed a crime.' "

In response, pursuant to the anti-SLAPP statute, Dagostino filed, and the trial court granted, a special motion to strike the complaint (§ 425.16,

---

[1]     Further unidentified statutory references are to the Code of Civil Procedure.

    " ' "SLAPP" is an acronym for "strategic lawsuit against public participation." ' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 938, fn. 5.) The anti-SLAPP statute, section 425.16, sets forth the standards and procedure for striking the complaint in a SLAPP. (*Sweetwater Union*, at p. 940.)

subd. (b)(1)[2]) and a later motion for attorney fees and costs (§ 425.16, subd. (c)(1)[3]). In *Wilson, supra,* D072948, we reversed the judgment of dismissal as to Dagostino and vacated the order awarding Dagostino attorney fees and costs—both of which followed, and were based on, the grant of his anti-SLAPP motion. More specifically, we ruled: "Dagostino . . . met his initial burden of establishing that the applicable claim arose from his right of free speech"; and "in response, . . . Wilson met her burden of presenting facts sufficient to establish a prima facie case of slander as to Dagostino."

More than eight months after issuance of the remittitur in *Wilson, supra,* D072948, Wilson filed a motion for prevailing party attorney fees and costs under subdivision (c)(1) of the anti-SLAPP statute (§ 425.16, subd. (c)(1)[4]). Following full briefing and oral argument, the trial court denied the motion. In a minute order filed August 30, 2019 (August 2019 Order), the court ruled in relevant part: "[Wilson] has not established that

---

[2]    Section 425.16, subdivision (b)(1) provides in full: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

[3]    In part, section 425.16, subdivision (c)(1) provides: "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

[4]    In part, section 425.16, subdivision (c)(1) provides: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

Dagostino's special motion to strike was 'frivolous or [was] solely intended to cause unnecessary delay.' " (Citing § 425.16, subd. (c)(1); see fn. 4, *ante*.)

In October 2019, Wilson appealed from the August 2019 Order.

In November 2019, the trial court issued an "OSC – Why Case Should Not be Dismissed." Later that month, on the date scheduled for a hearing on the OSC, the court dismissed the entire action with prejudice.[5]

## II. DISCUSSION

Before an appellate court reaches any substantive issue in an appeal, the court must always consider jurisdiction. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 (*Jennings*) [reviewing court must raise issue of appellate jurisdiction "on its own initiative" whenever a doubt exists]; *Olson v. Cory* (1983) 35 Cal.3d 390, 398 ["since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion"].) For this reason, shortly after receiving this appeal and prior to the filing of the record on appeal, we issued an order, advising and directing the parties in part as follows:

> "A split of authority exists as to whether an order awarding or denying attorney[ ] fees under section 425.16 is appealable under either that provision or the collateral order doctrine cited by Wilson in her civil case information statement. (Compare *Doe v. Luster* (2006) 145 Cal.App.4th 139, 145 [holding interlocutory order awarding or denying fees in anti-SLAPP context is not appealable] with *Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 273-274 [holding interlocutory order awarding or denying fees in anti-SLAPP context is appealable].) The parties,

---

[5] Although Wilson did not include in the record on appeal copies of either the OSC or the order of dismissal (and, thus, we do not know the basis of either), the register of actions reflects the November 2019 filings of both the OSC and the dismissal.

4

> therefore, are requested to address the issue of appealability of the order in their briefs."

The parties complied with this request in their merits briefs.

Wilson argues that the August 2019 Order is appealable on the following grounds: (1) It is a collateral order, and as such is immediately appealable; and, in any event, (2) the trial court dismissed the action with prejudice in November 2019, thereby rendering the jurisdictional issue "moot." Dagostino disagrees in part, arguing: (1) The August 2019 Order is not a collateral order, and thus not appealable; but, in any event, (2) because the trial court dismissed the action with prejudice in November 2019, the appeal may proceed.

As we explain, we will liberally construe Wilson's notice of appeal to allow appellate jurisdiction to review the August 2019 Order. In reaching the merits, as we further explain, Wilson did not meet her burden of establishing reversible error.

A.   *Jurisdiction*

Appellate courts have jurisdiction over a direct appeal, like the present one, only where there is an appealable order or judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Jennings*, *supra*, 8 Cal.4th at p. 126 [an appealable order or judgment "is a jurisdictional prerequisite to an appeal"].) "A trial court's order is appealable when it is made so by statute." (*Griset*, at p. 696; accord, *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 ["right to appeal is wholly statutory," citing § 904.1].)

In California, the right to appeal is generally governed by the "one final judgment rule"—by which an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy between adversaries. (*In re Baycol Cases I and II* (2011) 51

5

Cal.4th 751, 754, 756.) Section 904.1 contains a general list of appealable orders and judgments in California. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 780 (*Singletary*).) Subdivision (a)(1) "codifies the common law one final judgment rule." (*Baycol Cases*, at p. 756.) In addition, subdivisions (a)(2)-(a)(13) "list[ ] various specific additional appealable orders that stand as exceptions to the general rule." (*Baycol Cases*, at p. 756, fn. 3.)[6] " '[E]xceptions to the one final judgment rule should not be allowed unless clearly mandated.' " (*Id.* at p. 757.)

A prejudgment order denying a motion for attorney fees and costs (like the August 2019 Order here) is not appealable under any statute cited by the parties or known to the court. Nonetheless, California Rules of Court, rule 8.100(a)(2) directs that a "notice of appeal must be liberally construed" and "is sufficient if it identifies the particular judgment or order being appealed." Pursuant to this directive, our Supreme Court recently summarized: "Rule 8.100(a)(2)'s liberal construction requirement reflects the long-standing ' "law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882, quoting *In re Joshua S.* (2007) 41 Cal.4th 261, 272.) Here, Wilson's notice of appeal complies with the liberal standard we are to apply. In the language of *K.J.*, the notice " ' "is reasonably

---

6     Section 904.1, subdivision (a) contains 14 separately numbered paragraphs and provides in part: "An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11) . . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1). [¶] . . . [¶] (14) . . . ."

6

clear" ' " that Wilson intended to appeal from the August 2019 Order;[7] and, significantly, based on the presentation in his brief on appeal, Dagostino " ' "could not possibly have been misled or prejudiced." ' "

Accordingly, we construe Wilson's notice of appeal (as to the August 2019 Order) as perfecting a timely appeal from the November 2019 order dismissing the action with prejudice, and we proceed to review the August 2019 Order.[8]

B.    *Merits*

Wilson filed a motion "for an Order for Attorneys' Fees and Costs after order granting anti-slapp motion overturned on appeal." (*Sic*.) She based her motion on section 425.16, subdivision (c)(1), which requires an award of fees and costs "pursuant to Section 128.5" to a plaintiff who prevails on a defendant's anti-SLAPP motion and establishes that the defendant's motion was frivolous or solely intended to cause unnecessary delay. (See fn. 4, *ante*.) Following full briefing and oral argument, the court denied the motion, ruling that Wilson did not meet her burden of establishing that Dagostino's anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay.

---

[7]     Wilson gave notice that she was appealing from the "08/30/2019" order based on the "Trial Court's Failure to award costs . . . as well as attorney fees/costs." According to the register of actions, the only order filed August 30, 2019, is the court's order denying Wilson's section 425.16, subdivision (c)(1) motion for attorney fees and costs (previously identified as the August 2019 Order).

[8]     We express no opinion as to the applicability of the collateral order doctrine for purposes of establishing appellate jurisdiction to review the August 2019 Order.

Wilson complains about many things on appeal which have nothing to do with the August 2019 Order. For example, and without limitation, Wilson claims that Dagostino's attorneys violated various sections of the Penal Code, accuses the trial judge of (and seeks his removal on remand for) bias, and challenges the credibility of certain testimony in the 2017 anti-SLAPP proceedings that resulted in *Wilson*, *supra*, D072948. However, in our review of the August 2019 Order, all that is before us, and all that we determine, is whether the trial court erred in denying Wilson's section 425.16, subdivision (c)(1) motion for attorney fees and costs.

1. *Law*

If the trial court finds that the defendant's filing of an anti-SLAPP motion was "frivolous or . . . solely intended to cause unnecessary delay," then the court is *required* to award sanctions, comprised of costs and reasonable attorney fees "pursuant to Section 128.5," to the plaintiff who prevails on such a motion. (§ 425.16, subd. (c)(1); see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131; fn. 4, *ante*.) Frivolous in this context "requires a finding the anti-SLAPP 'motion is "totally and completely without merit" (§ 128.5, subd. (b)(2))' "—which means that " ' "*any reasonable attorney would agree such motion is totally devoid of merit*" ' " (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199; see *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 [frivolous appeal]).

We review an order denying attorney fees under section 425.16, subdivision (c)(1), for an abuse of discretion. (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1056 [appeal from order denying such fees].) A ruling under section 425.16, subdivision (c)(1), amounts to an abuse of discretion "when it exceeds the bounds of reason, and the burden is on the party complaining to establish that discretion was abused." (*Gerbosi v. Gaims,*

8

*Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450 [appeal from order granting such fees].)

Wilson represented herself in the trial court and now represents herself in this appeal. The procedural rules apply the same to her and her submissions as to a party represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"]; accord, *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344-345 [" ' "the same restrictive procedural rules" ' " apply to self-represented litigants]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented party "not exempt" from procedural rules on appeal].) The fact that a party is representing herself is not a basis for special treatment that would be unfair to the other litigants. (*Rappleyea*, at pp. 984-985; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 416; see Advisory Com. com., Cal. Code Jud. Ethics, canon 3B(8).) Thus, to the extent Wilson's self-represented status contributed to deficiencies in the presentation of her motion in the trial court or of her case on appeal, it does not excuse them. (*Rappleyea*, at p. 984 [self-representation is not a basis for lenient treatment]; *Nwosu*, at pp. 1246-1247.)

2. *Analysis*

Initially, we note that Wilson does not suggest in her appellate brief that Dagostino brought his anti-SLAPP motion to delay, let alone attempt to establish that his motion was "solely intended to cause unnecessary delay" as required for an award of fees under section 425.16, subdivision (c)(1). Thus, we consider only whether Wilson met her burden of establishing that the trial court abused its discretion in ruling that Dagostino's anti-SLAPP motion was not frivolous—i.e., not "totally and completely without merit" (§ 128.5,

9

subd. (b)(2)). As we explain, Wilson has not met—and, given the record in this case, cannot meet—this burden.

In *Wilson*, *supra*, D072948, we explained that, when applying the anti-SLAPP statute, "a court generally is required to engage in a two-step process": " 'First, the defendant must establish that the challenged claim arises from activity protected by section 425.16' "; and second, " '[i]f the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (Quoting *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.)

In our de novo review in *Wilson*, *supra*, D072948, we concluded in part that, contrary to Wilson's presentation in that appeal, for purposes of the first step of the analysis, *Dagostino met his burden* of establishing that Wilson's claim against him arose from protected activity. More specifically, in reaching this conclusion, we ruled that Dagostino established that the statements Wilson alleged to be defamatory "were made in connection with an issue of public interest under [section 425.16], subdivision (e)(4)."[9] Thus, very simply, in bringing his anti-SLAPP motion, Dagostino met his *only burden*. On this basis alone, the trial court properly exercised its discretion in ruling that Dagostino's anti-SLAPP motion was not frivolous.

In *Wilson, supra*, D072948, we further concluded that, as part of the second step of the analysis, Wilson "present[ed] evidence of a prima facie showing of facts which, if accepted by a trier of fact, would establish [a] case

9      Section 425.16, subdivision (e) provides in part: "As used in this section [at subdivision (b)(1)], 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: . . . (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

10

of slander against Dagostino and negate the potential application of the two affirmative defenses Dagostino raised in the anti-SLAPP motion." However, this ruling only established that Wilson met *her responsive burden*, thus entitling her to prevail on Dagostino's anti-SLAPP motion. Under the anti-SLAPP statute (§ 425.16, subd. (b)(1)), a showing that the defendant did or did not do the act alleged in the complaint concerns only the second step determination; such a showing does not affect the defendant's burden under the first step to establish that the act is a protected activity for anti-SLAPP purposes. (See *Simmons v. Bauer Media Group USA, LLC* (2020) 50 Cal.App.5th 1037, 1047; *Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1302.)

Wilson emphasizes that, for purposes of her motion, the trial court was required to consider certain additional evidence which, had it been considered, establishes the frivolousness of Dagostino's anti-SLAPP motion. We disagree; the law of the case doctrine *required* the trial court to apply our prong one ruling in *Wilson*, *supra*, D072948, just as it *requires* us to apply it in this appeal. The law of the case doctrine provides that any principle or rule of law stated in a final appellate court opinion that is " 'necessary' " to the appellate decision must be followed in all subsequent proceedings in the action, whether in the trial court or a later appeal. (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 459, p. 515.) Under this doctrine, "the case may *not* go over ground that has been covered before in an appellate court" by way of final opinion. (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1506.) Here, because our ruling that Dagostino met his prong one burden was necessary to the disposition of *Wilson*, *supra*, D072948, the trial court properly applied it in Wilson's later proceedings for fees and costs, and we apply it in this appeal.

11

In short, since Dagostino in fact prevailed in establishing that Wilson's claim against him arose from activity that is protected by the anti-SLAPP statute, Wilson did not meet her burden in this appeal of establishing that the trial court abused its discretion in denying her motion for attorney fees and costs.[10] Stated differently, because Wilson did not—and, on this record, could not—establish that any reasonable attorney would agree that Dagostino's anti-SLAPP motion was totally devoid of merit, Wilson did not meet her burden of showing that the trial court's decision denying her motion exceeded the bounds of reason.

---

[10]    Throughout her appellate brief, Wilson contends that, in *Wilson, supra,* D072948, we directed the trial court to award her attorney fees and costs, but that the trial court "ignored" this order. Wilson is wrong. In *Wilson*, we awarded her "costs on appeal from the trial court's rulings in favor of Dagostino. ([Cal. Rules of Court, r]ule 8.278(a)(1), (3).)" Rule 8.278, which applies to an award of costs on appeal, tells a prevailing party in a civil appeal exactly what costs she is entitled to (attorney fees is not among them) and the procedure for claiming those costs (which does not involve a motion in the trial court). However, Wilson made no attempt to seek *appellate costs* under rule 8.278 (as awarded), instead seeking *sanctions for a frivolous filing* under section 425.16, subdivision (c)(1). Although the anti-SLAPP statute allows a litigant like Wilson to seek an award of attorney fees and costs as sanctions (*ibid.*), *Wilson, supra,* D072948 did not mention, let alone direct, Wilson's entitlement to attorney fees or costs based on having to respond to Dagostino's anti-SLAPP motion.

12

## III.  DISPOSITION

The August 2019 Order is affirmed.  Dagostino is entitled to his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:


BENKE, Acting P. J.


DATO, J.