Filed 7/2/21  P. v. Reyes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304710 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA445657-01) |
| v. | |
| JOSE REYES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie A. Swain, Judge.  Dismissed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.

In 2018, defendant and appellant Jose Reyes (defendant) was sentenced to spend 42 years and four months to life in prison for multiple attempted murder and robbery convictions. We affirmed the judgment of conviction on direct appeal. (*People v. Reyes* (Mar. 2, 2020, B290993) [nonpub. opn.] (*Reyes I*).) While defendant's direct appeal was pending in this court, defendant filed a Penal Code section 1237.2 motion in the trial court seeking to vacate certain fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The trial court denied that motion—again, while his direct appeal in this court was still pending—and we now decide whether we have jurisdiction to decide defendant's appeal from the trial court's denial.

## I. BACKGROUND

A jury found defendant guilty of two counts of attempted willful, deliberate, and premeditated murder, three counts of robbery, and one count of identity theft. The jury additionally found true associated gang (Pen. Code, § 186.22, subd. (b)(1)) and firearm (Pen. Code, § 12022.53, subds. (b), (d)) enhancements. The trial court imposed an aggregate, indeterminate sentence of 42 years and four months to life in prison. The court also ordered defendant to pay court operations and facilities assessments, plus a $300 restitution fine.

Defendant filed a notice of appeal from the criminal judgment on June 25, 2018. The opinion in *Dueñas*, *supra*, 30 Cal.App.5th 1157, issued in January 2019. Defendant's opening brief in *Reyes I*—filed several months later, in April 2019— argued, among other things, that there was insufficient evidence to support the jury's true finding on the gang enhancement. Defendant, however, did not raise a *Dueñas* argument.

2

Defendant's appeal was fully briefed in December 2019, and both sides waived oral argument. We filed our opinion in *Reyes I* on March 2, 2020.

In November 2019—while the proceedings in *Reyes I* were underway in this court—defendant filed a motion in the trial court to vacate the court operations and facilities assessments imposed, and to stay his restitution fine, unless and until the prosecution proved his ability to pay under *Dueñas*. Defendant cited Penal Code section 1237.2, a statute that gives a trial court jurisdiction under limited circumstances to correct an error in the imposition of fines and fees notwithstanding the filing of a notice of appeal, as the procedural vehicle for his motion.

The trial court denied defendant's Penal Code section 1237.2 motion in January 2020. The court's denial order stated the court agreed with the holding of *People v. Hicks* (2019) 40 Cal.App.5th 320, a case that concludes *Dueñas* was wrongly decided.

## II. DISCUSSION

We have a sua sponte obligation to assure we have jurisdiction to decide an appeal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) Here, jurisdiction is lacking.

Penal Code section 1237.2 is an exception to the rule that "the filing of a notice of appeal ordinarily divests the trial court of jurisdiction over the case." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1086 (*Torres*).) The statute provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or

3

costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  *This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal.*"  (Emphasis added.)

Penal Code section 1237.2's "primary purpose . . . is to encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments, and fees that would otherwise be asserted on direct appeal; and the statute's second sentence furthers that purpose by giving trial courts the power to resolve such challenges notwithstanding the pending appeal." (*Torres*, *supra*, 44 Cal.App.5th at 1087 [reviewing the statute's legislative history].)  The last sentence of Penal Code section 1237.2 recognizes this purpose is not served by permitting a criminal defendant to challenge fines and fees in the trial court when a pending appeal raises additional issues.  "In this situation, a defendant must seek relief in the Court of Appeal for any issue regarding the imposition or calculation of fines, assessments, and fees, including, if necessary, by requesting leave to file a supplemental brief.  [Citation.]  The Court of Appeal then decides *all* the issues of the case, preventing piecemeal [l]itigation in separate forums.  [Citation.]" (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 38, review granted Nov. 26,

2019, S258729, review dismissed Jul. 29, 2020, S258729 (*Jenkins*).)

In *Reyes I*, defendant raised several issues unrelated to the *Dueñas* argument he makes now—and *Dueñas* was on the books well before he filed his opening brief.  Defendant pursued his *Dueñas* claim only in the trial court via a Penal Code section 1237.2 motion.  As we have seen, section 1237.2 makes no provision for continuing trial court jurisdiction under these circumstances.  The trial court therefore lacked jurisdiction to rule on defendant's Penal Code section 1237.2 motion and we must accordingly dismiss his appeal.  (*Torres*, *supra*, 44 Cal.App.5th at 1084 ["If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed"].)

## DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



RUBIN, P. J.                                    KIM, J.




5