Filed 8/28/23  Westlands Water Dist. Distribution Dist. No. 1 v. All Persons Interested CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WESTLANDS WATER DISTRICT DISTRIBUTION DISTRICT NO. 1, | F084294 |
| Plaintiff and Appellant, | (Super. Ct. No. 20CECG01011) |
| v. | |
| ALL PERSONS INTERESTED etc., et al., | **OPINION** |
| Defendants and Respondents. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Stradling Yocca Carlson & Rauth, Allison E. Burns and Douglas S. Brown for Plaintiff and Appellant.

Law Office of Roger B. Moore, Roger B. Moore; Law Office of Adam Keats and Adam Keats for Defendants and Respondents California Water Impact Network, AquAlliance, and Planning and Conservation League.

Mohan Harris Ruiz and S. Dean Ruiz for Defendant and Respondent Central Delta Water Agency.

---

[*]Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

Law Offices of Stephan C. Volker, Stephan C. Volker, Stephanie L. Clarke and Jamey M.B. Volker for Defendants and Respondents North Coast Rivers Alliance, Winnemem Wintu Tribe, California Sportfishing Protection Alliance, Institute for Fisheries Resources, Pacific Coast Federation of Fishermen's Associations, and San Francisco Crab Boat Owners Association

-ooOoo-

Appellant Westlands Water District Distribution District No. 1 (Westlands DD #1) seeks review of a motion ruling but concedes the appeal is likely premature. Respondents submit, more assertively, that the matter concerns a nonappealable order. We dismiss the appeal for lack of appellate jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Westlands DD #1, a public agency formed pursuant to Water Code section 36460, filed the underlying validation action pursuant to, inter alia, Code of Civil Procedure section 860 et seq. The complaint sought a judicial decree regarding the validity of multiple contracts between Westlands DD #1 and the federal government. Service of the complaint and summons upon "[a]ll persons interested in this matter" was accomplished by publication. Two groups of defendants, which included California Water Impact Network (CWIN) and North Coast Rivers Alliance (NCRA), joined the action by filing verified answers. A third verified answer was filed by the Central Delta Water Agency.[1]

In September 2021, Westlands DD #1 filed a motion for entry of a validation judgment in its favor. Respondents filed opposition papers, and the Fresno Superior Court tentatively ruled to deny the motion because the contracts in question were

---

[1]Two respondents' briefs have been filed in this appeal. The first was jointly submitted by CWIN, AquAlliance, Planning and Conservation League, and the Central Delta Water Agency. The second was jointly submitted by NCRA, the Winnemem Wintu Tribe, California Sportfishing Protection Alliance, Institute For Fisheries Resources, Pacific Coast Federation of Fishermen's Associations, and San Francisco Crab Boat Owners Association. Unless otherwise specified, these parties are collectively referred to as respondents.

materially incomplete. On November 2, 2021, the motion was argued and taken under submission. On November 5, 2021, the superior court issued a minute order adopting its tentative ruling.

In April 2022, Westlands DD #1 asked the superior court to vacate or continue a then pending trial date of May 9, 2022. Documents filed in support of the request showed the parties agreed that a trial was unnecessary in light of the November 2021 motion ruling. However, Westlands DD #1 was unwilling to stipulate to a proposed judgment drafted by respondents. Respondents filed their own request for a status conference and submitted a proposed judgment of dismissal to the superior court. In response, the superior court vacated the trial date and scheduled a case management conference (CMC) for early June.

On May 3, 2022, Westlands DD #1 filed a notice of appeal. On August 15, 2022, it filed a motion in this court to "stay all proceedings and briefing in this appeal pending the entry of final judgment in the trial court." The moving papers explained that it filed the notice of appeal "[o]ut of an abundance of caution, and in order to preserve its appellate rights." Westlands DD #1 further stated its intention to "file a second notice of appeal" if and when the superior court entered a final judgment. In September 2022, the motion to stay was denied.

The parties proceeded to brief the appeal, and the reply brief was filed in May of this year. In its opening brief, Westlands DD #1 cursorily remarked "that the better argument is that the [order denying its motion for a validation judgment] is not a final judgment or otherwise appealable." In respondents' brief filed by CWIN et al., they wrote, "This appeal is premature as the trial court's denial of [Westlands DD #1's] Motion for Entry of Validation Judgment did not constitute a judgment or other appealable order under Code of Civil Procedure section 904.1." Nevertheless, they went on to argue the merits of the appeal. North Coast Rivers Alliance et al., did not address the issue in their respondents' brief. None of the parties moved to dismiss the appeal.

3.

Meanwhile, the CMC scheduled for June 2022 was continued but eventually held on December 22, 2022. By that time, respondents had filed a motion with the superior court for "an [o]rder setting hearing for any party to show cause why [the] matter should not be dismissed …." Westlands DD #1 filed an opposition claiming there was no legal basis for the motion. However, in the event the superior court were to consider it, Westlands DD #1 argued "it should exercise its inherent powers to *sua sponte* reconsider its November 5, 2021, Minute Order, find it was wrongly decided, and based thereon deny [the] motion." Respondents' motion was ultimately denied without prejudice.

On July 31, 2023, this court requested supplemental briefing on the issue of appealability. In their responses, the parties confirmed the case was still active in the Fresno Superior Court. Respondents argued dismissal was required for lack of an appealable order. Westlands DD #1 again stated, "[T]he better argument is that [the challenged order] is a nonappealable order."

## DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "Section 904.1, which codifies the general list of appealable judgments and orders, also effectively codifies the common law one-final-judgment rule. Under this rule, an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy." (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9.) "[M]ost interlocutory orders are not appealable." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754; see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A trial court's order is appealable when it is made so by statute"].)

4.

Here, the challenged ruling is not appealable unless it constitutes a final judgment. (See Code Civ. Proc., §§ 577, 904.1, subd. (a).) "'As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final.'" (*Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 698.) Although the motion for a validation judgment was denied on the merits, and nothing seems to indicate the superior court will reconsider its ruling sua sponte, the record does not explain why the superior court has yet to enter a judgment of dismissal or judgment in favor of respondents. The superior court could have signed respondents' proposed judgment before the notice of appeal was filed, but it did not. We thus decline to construe the minute order as a final judgment. (See *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 ["Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken"].)

## DISPOSITION

The appeal is dismissed for lack of appellate jurisdiction. Accordingly, we order the matter be removed from this court's September 2023 oral argument calendar, and all pending requests for judicial notice are denied as moot. The parties shall bear their own appellate costs. (See Cal. Rules of Court, rule 8.278(a)(5).)