Filed 5/18/26  P. v. Mendoza CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>HORACIO ALEJANDRO MENDOZA,<br><br>　　Defendant and Appellant. | G064111, G064598<br><br>(Super. Ct. No. 94CF0352)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed in part, dismissed in part and remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Under Penal Code section 1172.6, a defendant is entitled to an evidentiary hearing *unless* the record of conviction at the prima facie stage conclusively refutes—as a matter of law—defendant's claim that he was convicted of a homicide offense under a now invalid legal theory.[1] (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).)

In 1994, the People filed a complaint charging defendant Horacio Alejandro Mendoza and a codefendant with robbery, attempted murder, a gang offense, and related firearm and gang allegations. That same day, Mendoza pleaded guilty to the charged crimes, and a personal use of a firearm allegation. The trial court imposed a life sentence.

On the plea form, Mendoza referred to himself in the third person and stated, in part: "ON 2-1-94 IN ORANGE COUNTY I AIDED & ABETTED AN ATTEMPTED MURDER OF [THE VICTIM] BY HELPING H. MENDOZA SHOOT [THE VICTIM] WITH A HANDGUN."

In 2024, Mendoza filed a section 1172.6 petition averring that he was convicted of attempted murder under the natural and probable consequences doctrine. Mendoza also filed a request under section 1172.1, which asked the trial court to recall and resentence him.

As to the section 1172.6 petition, the trial court denied the petition. This ruling was in error because the record of conviction does not establish as a matter of law that Mendoza is ineligible for relief.

On the plea form, Mendoza stated that he was both an aider and

---

[1] Undesignated statutory references are to the Penal Code.

abettor and the shooter. These statements are internally inconsistent. A defendant cannot be both an aider and abettor, and a direct perpetrator (the shooter). (See § 31.) Mendoza's admission to the personal use of a firearm does not resolve the issue because a defendant can personally "use" a firearm without shooting it (e.g., brandishing a firearm). (See *People v. Arzate* (2003) 114 Cal.App.4th 390, 400.)

The Attorney General (AG) and the dissenting justice reject that portion of the plea form in which Mendoza states that he was an aider and abettor, but they accept that portion of the plea form in which Mendoza states that he was the shooter. While this may be a logical or reasonable interpretation of the facts, we cannot engage in judicial discretion at the prima facie stage. (See *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1771 [an exercise of discretion means different courts may reasonably arrive at "different decisions, even on the same facts"].)

Thus, we reverse the trial court's denial of Mendoza's section 1172.6 petition. On remand, we direct the court to issue an order to show cause and to conduct an evidentiary hearing.

As far as Mendoza's request for recall and resentencing under section 1172.1, the parties agree that this court lacks jurisdiction to consider the matter. We concur. Thus, we will dismiss that portion of the appeal.

I.

FACTS AND PROCEDURAL BACKGROUND

On March 24, 1994, the People filed an amended complaint charging Mendoza and Robert Herrera Amezqua with robbery, attempted murder, and street terrorism. The People alleged the personal use of a

firearm (Mendoza), and the vicarious use of a firearm (Amezqua).[2]

On March 24, 1994, Mendoza waived his right to a preliminary hearing, pleaded guilty to the charged crimes, and admitted the personal use of a firearm enhancement. The trial court imposed a life sentence with the possibility of parole, plus three years.

On March 21, 2024, Mendoza filed a section 1172.6 petition for resentencing. Mendoza also filed a request under section 1172.1 asking the trial court to recall and resentence him.

On April 8, 2024, the trial court denied Mendoza's section 1172.1 request in a minute order. The court ruled: "The court declines to consider the petition as the court lacks jurisdiction."

On August 26, 2024, the trial court denied the section 1172.6 petition following a prima facie hearing (the court's ruling will be discussed in more detail within the discussion section of this opinion).

## II.

## DISCUSSION

Mendoza filed separate appeals from: (A) the trial court's denial of his section 1172.6 petition; and (B) the trial court's refusal to consider his section 1172.1 request. We have consolidated the appeals.

We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Appellate courts also interpret statutes such as section 1172.1 under a de novo standard. (See *John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

---

[2] The record of conviction includes no facts regarding the underlying crimes. On the date the crimes were alleged to have occurred, Mendoza was 18 years old, and Amezqua was 22 years old.

4

*A. The Section 1172.6 Petition*

In this part of the opinion, we will: (1) review relevant principles of law; (2) summarize what occurred in the trial court; and (3) analyze the law as applied to the facts in this case.

*1. Relevant Legal Principles*

Generally, a person may be liable for a crime either as a direct perpetrator or as an aider and abettor. (§ 31.) A person can be held liable for crimes that were intentionally aided and abetted (target offenses); a person can also be held liable for any crimes that were not intended but were reasonably foreseeable (nontarget offenses). (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1462–1463.) Liability for an intentional, target offense is known as "direct" aider and abettor liability; liability for an unintentional, nontarget offense is known as the ""natural and probable consequences" doctrine.'" (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

Effective January 1, 2019, the Legislature narrowed accomplice liability theories for murder and attempted murder. (§§ 188, 189.) The Legislature "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*Lewis*, *supra*, 11 Cal.5th at p. 957.) The Legislature "also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

Direct aider and liability is still a valid legal theory for homicide offenses after the Legislature amended sections 188 and 189. (*People v. Medrano* (2021) 68 Cal.App.5th 177, 183.) "We have generally described the requisite mens rea for direct aiding and abetting as 'knowledge of the direct

5

perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 468.)

Under section 1172.6, if the petitioner makes a prima facie showing, the trial court must issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) At the prima facie stage, the trial court examines the underlying record of conviction, but the "court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

The trial court accepts the "'"petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'" (*People v. Patton* (2023) 89 Cal.App.5th 649, 656, review granted June 28, 2023, S279670.) "[T]he court may consider jury instructions, jury verdicts, and other documents that are part of the record of conviction to determine whether the petitioner satisfies the conditions for relief." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

Under section 1172.6, "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"'" at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, if "the record of conviction *irrefutably* establishes as a matter of law that the jury determined [the petitioner] was the actual killer," the trial court may properly deny the "petition at the prima facie stage." (*People v. Harden*, *supra*, 81 Cal.App. 5th at pp. 56, 60, italics added.)

When a petitioner's conviction results from a guilty plea, the record of conviction includes facts "the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136.) And

when a defendant pleads guilty, he or she "'admits every element of the charged offense.'" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234.) However, in a section 1172.6 petition at the prima facie stage, the court may ordinarily only consider the facts the defendant has stipulated to as part of the guilty plea to determine the theory under which the defendant was convicted. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 484.)

### 2. Trial Court Proceedings

In 2024, Mendoza filed a section 1172.6 petition in the trial court, and he checked boxes on the form document averring:

"1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed . . . under the natural and probable consequences doctrine . . . . [Citation.]

"2. I was convicted of <u>murder</u>, <u>attempted murder</u>, or <u>manslaughter</u> following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

"3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The People filed a response and a request for a prima facie hearing. The People attached documents including the felony plea form. On the plea form, Mendoza admitted to committing a second degree robbery, a first degree attempted murder, a substantive gang crime, and a personal use of a firearm enhancement (§ 12022.5, subd. (a)).

Within the factual statement portion of the felony plea form, Mendoza referred to himself in the third person:

"ON 2-1-94 IN ORANGE COUNTY I AIDED & ABETTED AN

7

ATTEMPTED MURDER OF [THE VICTIM] BY HELPING H. MENDOZA SHOOT [THE VICTIM] WITH A HANDGUN. I AM A GANG MEMBER AND THIS CRIME WAS DONE TO BENEFIT LOGAN STREET GANG. I KNOW H. MENDOZA WAS ARMED WITH A HANDGUN."

The People conceded the felony plea form "is subject to two interpretations." The People also conceded the personal use of a firearm enhancement is not limited to shooting a firearm, but also includes brandishing a firearm, and "'intentionally strik[ing] or hit[ting] a human being with it.'" Nonetheless, the People argued Mendoza's "admission to the [firearm] enhancement alleged pursuant to Section 12022.5(a) assists in clarifying that [Mendoza] was the shooter."

Following a prima facie hearing, the trial court filed a written statement of decision denying Mendoza's section 1172.6 petition:

"A review of the record of conviction, including the guilty plea Tahl form makes clear from the factual basis Petitioner Mendoza either aided and abetted the shooting of the victim with the intent to kill him, OR Petitioner was the actual shooter. In either scenario. Petitioner acted with actual malice. Therefore, the petitioner would still be guilty of Attempted Murder under currently valid law."

### 3. Analysis and Application

Mendoza and Amezqua were charged with robbery, attempted murder, and a gang offense. On its face, the complaint tends to support Mendoza's averment in his section 1172.6 petition that he was convicted of attempted murder under the natural and probable consequences doctrine. That is, it is possible that the attempted murder charge (the nontarget offense) was a natural and probable consequence of the robbery charge (the

8

target offense). And the fact that Mendoza committed the crime with at least one other person also tends to support his averment in his section 1172.6 petition that he was convicted as an aider and abettor.

The trial court found that Mendoza's factual statement in the felony plea form "makes clear" that Mendoza was either an aider and abettor who acted with malice, or he was the actual shooter. We disagree.

Mendoza stated within the plea form that he was an aider and abettor, but he does not state any additional facts that show that he was a *direct* aider and abettor. (See *Curiel, supra,* 15 Cal.5th at p. 468 [a direct "aider and abettor must know the direct perpetrator intends to commit the murder or life-endangering act and intends to aid the direct perpetrator in its commission"]; see also *People v. Davenport*, *supra*, 71 Cal.App.5th at p. 484 [the court may only consider facts the defendant has stipulated to in order to determine the theory under which the defendant was convicted].)

At the time Mendoza pleaded guilty, he could have been convicted of the nontarget offense of attempted murder as an aider and abettor under the natural and probable consequences doctrine. Consequently, Mendoza's ambiguous statement in his felony plea form that he was both an aider and abettor and the shooter does not refute *as a matter of law* Mendoza's later averment in his section 1172.6 petition that he was convicted as an aider and abettor under the natural and probable consequences doctrine. (See *People v. Ervin, supra,* 72 Cal.App.5th at p. 101.) In order to resolve Mendoza's factual claim there must be an evidentiary hearing.

Thus, we reverse the trial court's denial of Mendoza's section 1172.6 petition because it was in error. On remand, we direct the court to issue an order to show cause and to conduct an evidentiary hearing.

The AG seems to recognize Mendoza's ambiguous statement does

9

not support the trial court's analysis. However, the AG argues Mendoza's "guilty plea to attempted murder and admission to the allegation he personally used a firearm conclusively establish he was the direct perpetrator and lone shooter who acted with express malice." We disagree.

In the plea form, Mendoza stated that he was both an aider and abettor and the shooter. These statements are internally inconsistent. A defendant cannot be both an aider and abettor, and the direct perpetrator (the shooter). (See § 31.) Mendoza's admission to the allegation that he personally "used" a firearm does not resolve the ambiguity in the plea form because, as the People conceded in the trial court, a defendant can personally "use" a firearm without shooting it (e.g., brandishing a firearm). (See *People v. Arzate* (2003) 114 Cal.App.4th 390, 400 ["'use' of a firearm may involve displaying the gun, brandishing the gun, or actually firing the gun"].)

Thus, without the prosecution producing additional evidence at a section 1172.6 evidentiary hearing, Mendoza's admission to the personal use enhancement does not "conclusively establish he was the lone shooter" as the AG contends. That is, the firearm enhancement does not refute *as a matter of law* Mendoza's averment in the section 1172.6 petition that he was convicted of attempted murder as an aider and abettor under the now defunct natural and probable consequences doctrine. (See §§ 188, 189.)

The AG also argues that because Mendoza admitted the personal use of a firearm enhancement, and his codefendant Amezqua was charged with being vicariously armed with a firearm, then "it can be readily determined that [Mendoza] pled guilty pursuant to a theory that he was the direct perpetrator who shot the victim." We disagree.

The AG's argument rests on a factual assumption that Mendoza and Amezqua were the only persons involved in the robbery and attempted

murder. But other persons may have been involved and separately charged, or they may have escaped apprehension. That is, it is possible that another person may have been the direct perpetrator who shot the victim. We agree that it is a reasonable interpretation of the facts that Mendoza was the direct perpetrator and Amezqua was the aider and abettor as the AG deduces, but courts cannot engage in such conjecture at the prima facie stage under section 1172.6. (See *Lewis, supra,* 11 Cal.5th at p. 972.)

Finally, the AG argues Mendoza's ambiguous statement in the plea form where he refers to himself in the third person "was *likely* taken from the plea forms prepared for . . . Amezqua . . . ." (Italics added.) Based on this hypothesis, the AG argues that we should reject that portion of Mendoza's statement in the plea form in which he states that he was an aider and abettor, but wholly accept that portion of Mendoza's statement in which he says that he was the shooter. The AG's hypothesis seems somewhat implausible given that Mendoza and Amezqua likely would have been appointed separate attorneys. But in any event, while the AG is free to make any number of assumptions about the underlying facts, we cannot engage in judicial discretion at the prima facie stage. (See *People v. Garcia*, *supra*, 32 Cal.App.4th at p. 1771 [an exercise of discretion means different courts may reasonably arrive at "different decisions, even on the same facts"].)

To reiterate and conclude, based on the record of conviction, it is possible Mendoza is currently serving a life sentence in state prison based on a legal theory that is no longer valid; therefore, he is both statutorily and justly entitled to an evidentiary hearing under section 1172.6. (See § 1260 [an appellate court may "remand the cause to the trial court for such further proceedings as may be just under the circumstances"].)

*B. The Section 1172.1 Request*

In his opening brief, Mendoza argued the trial court erred when it found it lacked jurisdiction to consider his request for resentencing under section 1172.1. In particular, Mendoza noted that the trial court explicitly quoted an outdated version of the statute when denying his request. The AG initially conceded the error.

However, we are obligated to inquire whether this court has appellate jurisdiction, even if the parties do not raise the issue. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].) Accordingly, we requested supplemental briefing on the question of whether the trial court's refusal to entertain Mendoza's request under section 1172.1 is an appealable order.

Both parties responded and now acknowledge that the trial court's decision is not an appealable order.

A trial court may recall and resentence a defendant "on its own motion, within 120 days of the date of commitment or at any if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law . . . provided the new sentence, if any, is not greater than the initial sentence." (§ 1172.1, subd. (a)(1).) "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

A defendant may *invite* the court to exercise its discretion under section 1172.1. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375.) However, appellate courts have uniformly held that a trial court's summary decision not to take up a defendant's invitation under section 1172.1 is not an appealable order, and that any such appeal fails to confer jurisdiction to the

12

Court of Appeal. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047; *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–696; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

We agree with the parties and the weight of authority that the trial court's decision not to rule on Mendoza's request under section 1172.1 is not an appealable order. Thus, we must dismiss that portion of the appeal.

## III.

## DISPOSITION

The trial court's order denying Mendoza's section 1172.6 petition is reversed. We remand the matter to the court with directions to issue an order to show cause and to conduct an evidentiary hearing.

Mendoza's appeal challenging trial court's order declining to recall and resentence under section 1172.1 is dismissed.

MOORE, ACTING P. J.

I CONCUR:

SCOTT, J.

SANCHEZ, J. dissenting,

My colleagues in the majority, in my opinion, overlook the most salient fact in this case: Mendoza *admitted to being the shooter*. Accordingly, I respectfully dissent.

I have no disagreement with the basic legal framework set forth by the majority, and thus I will not repeat it here. It bears emphasis, however, that at the prima facie stage, a defendant's generic claim to have been convicted under a now-defunct legal theory can be refuted by facts admitted in a *Tahl* form. And that is precisely the case here.

I readily acknowledge that the *Tahl* form was sloppy at best in its execution. Mendoza refers to himself as an aider and abettor *to himself*, in the third person. We can't be sure why the form was completed in this way. Is this because Mendoza's lawyer simply copied language from the co-defendant's *Tahl* form? Probably. Are there other possible explanations (as the majority worries)? Maybe. Ultimately, does it matter? No. What matters is Mendoza's factual statement: he admitted under oath to being the shooter. That he chose to write in the third person does not change his admission: he was the shooter. And the fact that he, perhaps mistakenly, described himself using the legal term "aider and abettor" also does not change his *factual* admission that he was the shooter.

The majority's implied premise is that ambiguity in one part of a factual recitation infects even unambiguous portions of the *Tahl* form. I believe it is a throw-the-baby-out-with-the-bathwater approach to interpreting the form. I cannot endorse such an approach, particularly when the result would potentially allow the person who stipulated to shooting the victim to be released from prison. The reason it is potentially a get-out-of-jail-free card is a result of what is, in my view, a flaw in section 1172.6.

1

Section 1172.6 requires an evidentiary hearing when a defendant makes a prima facie case for relief. That is true whether the original conviction resulted from a trial or a plea. However, those are two very different scenarios for purposes of conducting an evidentiary hearing.

If the original conviction resulted from a trial, the trial court's task in conducting a hearing is straightforward: review the evidence previously admitted, plus any supplemental evidence the parties choose to introduce, and decide whether the defendant is still guilty under current law.

In the case of a plea, however, there is no body of evidence to review. At most, there may be a transcript of a preliminary hearing. But preliminary hearing transcripts are mostly unhelpful: they are usually based on hearsay testimony from a law enforcement officer (§ 872, subd. (b)), which is inadmissible in a resentencing hearing under section 1172.6, subdivision (c)(3). And in other cases, such as this one, there is no preliminary hearing transcript because the plea occurred prior to a preliminary hearing.

The result is that the burden is on the prosecution to essentially put on a cold case: to conduct a trial from scratch in which it must marshal evidence that is many years old—sometimes decades—to meet its burden beyond a reasonable doubt. In the present case, for example, the crime occurred over 30 years ago. Needless to say, the odds of a successful prosecution have dropped precipitously in that time, even where the defendant is admittedly and actually guilty.

There are two takeaways from this problem.

First, I encourage the Legislature to pay greater attention to the differing procedural contexts of a trial versus a plea. While resentencing under section 1172.6 has largely played itself out, in any future resentencing

2

provisions, the Legislature should consider a more nuanced approach if pleas are included.

Second, the courts have a tool to at least mitigate the problem identified above: by considering factual admissions in a *Tahl* form to be binding. Unfortunately, this is where the majority and I disagree in the present case. Mendoza literally admitted to shooting at the victim and is, therefore, clearly a direct perpetrator who shot the victim and is guilty, notwithstanding changes to the law. Yet because the majority discounts this factual admission, a would-be murderer may walk free by dint of having checked a few boxes on a form and by chance using somewhat convoluted language. This result is unjust in the present case and tends to undermine confidence in the criminal justice system more broadly. Accordingly, I dissent.

SANCHEZ, J.